### NATIONAL LABOR RELATIONS BOARD, Applicant-Appellee,

v.

### GENERAL MOTORS CORPORATION and Wayne Millington and Marvin Simon and Donald Thuma, Respondents-Appellants.

No. C–1–80–339.

United States District Court, S. D. Ohio, W. D.

Nov. 7, 1980.

Engrid Emerson Vaughan, N.L.R.B., Cincinnati, Ohio, for applicant-appellee.

John M. Kunst, Cincinnati, Ohio, for respondents-appellants.

## MEMORANDUM

HOGAN, Senior District Judge.

This action involves the enforcement of certain subpoenas issued by the National Labor Relations Board (hereinafter N.L.R.B.) to the respondents. This Court granted N.L.R.B.'s request to enforce these subpoenas. The respondents now seek approval of a supersedeas bond submitted by them, or a discretionary stay in the alternative, while they pursue their appeal. The sole issue determined is whether, in our discretion, we find such a stay to be appropriate. We do, and therefore grant the respondents' motion under Fed.R.Civ.P. 62(c).

Our previous memorandum in this case outlined the facts and issues before the N.L.R.B. adequately. We will, therefore, proceed to the merits of the respondents' motion.

Respondents argue that two routes exist for them to gain a stay. The first is under Fed.R.Civ.P. 62(d). Under Rule 62(d), this Court would be required to grant the respondents' request as a matter of right, if we agreed that the order sought to be stayed did not fit into any of the exceptions of Rule 62(a). *See* C. Wright and A. Miller, *Federal Practice and Procedure*, Civil § 2905 (1973). We find it unnecessary to rule on the applicability of Rule 62(d) here, inasmuch as Rule 62(c), the respondents' alternative avenue, provides sufficient basis for relief.

■ Under Rule 62(c), this Court has the discretion to grant the stay requested in this case. In determining the propriety of the stay, we will consider four factors:

1) whether it is likely that the respondents will prevail on appeal,

2) whether respondents will suffer irreparable harm unless the stay is granted,

3) whether other parties or interested persons will be substantially harmed, and

4) whether the public interest will be harmed or served by granting the stay.

*See Reed v. Rhodes*, 549 F.2d 1046 (6th Cir. 1976); 7 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 62.05 (2d ed. 1979).

■ While we are not persuaded that the Sixth Circuit Court of Appeals will reverse our decision, we are cognizant that this case came to us on somewhat unusual facts and presents some novel issues to the hearing officer. These issues led to the subpoenas and to this Court's disposition of the subpoena issue. The novelty of the issues before the hearing officer, which in turn creates novel issues in determining the propriety of the subpoena, makes the likelihood that the respondents will prevail on appeal somewhat greater than the position advocated by the N.L.R.B. The likelihood is sufficient to favor granting a stay.

There is no question that the respondents will suffer irreparable harm if this stay is denied. If they obey the subpoenas, their appeal is mooted; if they ignore them, they could be held in contempt of court. The N.L.R.B. seems to concede this point (Doc. 15, p. 4). We will not force such a choice absent clear harm to other persons or the public interest.

The N.L.R.B. contends that other parties and interested persons will be harmed if the stay is granted. Delay is the villain. While this Court recognizes the need for speed in determining the rights and duties of the members of our society, we are hesitant to place such value on this aspect of justice, so as to force some members to choose between their rights, as is the case with the respondents in this case. Delay alone is not sufficient harm to deny this stay. The N.L.R.B. also asserts that its subpoena power will be harmed if we grant the requested stay. We cannot accept this argument. Delay will in no way offend the enforcement of N.L.R.B. subpoenas. We agree with the respondents that the potential harm to other parties does not exist. The employees remain represented and maintain full rights of employment. No harm is

evident to the petitioning unions or the N.L.R.B.

We now reach the issue of public interest. Again, the N.L.R.B. asserts delay as not in the public interest. We agree that an expedient process of justice is in the public interest, but emphasize that the preservation of the respondents' right to appeal is also within the public interest. If a trade-off is necessary, it must favor rights, not expediency. Allowing the stay will better serve the public interest.

For the reasons stated above, the motion of the respondents for a stay of this Court's enforcement order under Rule 62(c) is granted.