In the Matter of Christian D. ROTHERMEL, Debtor.

Charles & Irene SOUDERS, Plaintiffs,

v.

Christian D. ROTHERMEL, Defendant.

Bankruptcy No. 1-83-01497.
Adv. No. 1-83-0415.

United States Bankruptcy Court,
S.D. Ohio, W.D.

Aug. 1, 1983.

Christian D. Rothermel, pro se.

F. Joseph Schiavone, Hamilton, Ohio, for plaintiffs.

## ORDER

RANDALL J. NEWSOME, Bankruptcy Judge.

This matter is before the Court pursuant to the motion of the debtor/defendant for a stay pending appeal of an order by this Court lifting the automatic stay of proceedings under 11 U.S.C. § 362(d). Specifically, on July 15, 1983 this Court granted the plaintiffs relief from the automatic stay to proceed with a land contract forfeiture action in the Court of Common Pleas of Warren County, Ohio pursuant to the provisions of Ohio Revised Code § 5313.08.

Under the Interim Rule Re: Operation of The Bankruptcy Court System, "proceedings in respect to lifting of the automatic stay" are classified as nonrelated proceedings. See § (d)(3)(A). Under § (d)(2), orders in nonrelated proceedings may be entered by the Bankruptcy Court, and are effective upon entry "unless stayed by the bankruptcy judge or a district judge".

Having determined that this is a nonrelated proceeding, we believe that Bankruptcy Rule 7062 (effective August 1, 1983) is applicable. That rule reads in pertinent part as follows:

> Rule 62 F.R.Civ.P. applies in adversary proceedings except that an order granting relief from an automatic stay provided by § 362, § 922, § 1301 . . . shall be additional exceptions to Rule 62(a).

In essence, this rule makes it clear that orders granting relief from the stay are in the nature of orders suspending or modifying an injunction. Rule 62(a) of the Federal Rules states that the ten-day automatic stay described therein does not apply to such orders. The issuance of a stay pending the appeal of an order suspending or modifying an injunction is governed by Rule 62(c), which states that such a stay may be issued "upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party." In interpreting this rule, some courts have required the moving party to establish each of the elements of a preliminary injunction as a prerequisite to issuance of a stay pending appeal. *See,* e.g. *Belcher v. Birmingham Trust Nat'l Bank,* 395 F.2d 685 (5th Cir.1968).

At least under the circumstances of this case, a more appropriate standard for issuing a stay is set forth in *Shinholt v. Angle,* 90 F.2d 297, 298 (5th Cir.1937), *cert. denied,* 302 U.S. 719, 58 S.Ct. 40, 82 L.Ed. 555 (1937):

> "The question presented [is] not whether the Court should grant the ultimate relief sought. That question [is] being transferred to another tribunal. The question [is]: *Upon a consideration of all the facts, would harm result to either party as a result of the granting or denial of the stay, and were there probable grounds for an appeal to protect rights which might be prejudiced by a refusal to grant the stay?* (emphasis added)

*See also, N.L.R.B. v. General Motors Corporation,* 510 F.Supp. 341 (S.D.Ohio 1980); 7 J. Moore and J. Lucas, *Moore's Federal Practice,* ¶ 62.05 at pp. 62-20—62-22 (2d Ed.1982).

Based upon the above quoted standard, we believe that a stay pending appeal can and should be issued in this appeal which will protect the rights of both the plaintiffs and defendant. While the Court has substantial doubts concerning the merits of defendant's appeal, there is little question that serious harm will befall both the debtor and his family if the forfeiture

action is allowed to proceed pending appeal. If the debtor is forced out of his home while an appeal is pending in this case, a favorable ruling by the District Court might well be an empty victory.

On the other hand, this Court is not unmindful of the economic hardship which debtor's default continues to impose upon the plaintiffs.

Accordingly, the Court hereby ORDERS as follows:

1. This Court's July 15, 1983 order lifting the automatic stay to allow the plaintiffs to proceed with their forfeiture action is hereby stayed pending appeal.

2. The debtor shall pay the plaintiffs $604.00 in cash, representing 1 month's payment under the land contract, by no later than 5:00 P.M. on August 2, 1983. An additional $604.00 in cash shall be paid to plaintiffs' attorney, to be placed in his escrow account, by no later than August 2, 1983. Such money shall be transferred to the plaintiffs on September 1, 1983 in the event that the District Court does not render a decision on debtor's appeal by 5:00 P.M. August 31, 1983. If no decision has been rendered on the appeal by 5:00 P.M. September 30, 1983, then the debtor shall pay the plaintiffs, through their attorney, $604.00 in cash on October 1, 1983, and on the first day of each month thereafter until the District Court renders its decision.

If debtor fails to meet the terms and conditions set forth above, then the stay pending appeal shall be terminated immediately upon application of the plaintiffs.

3. Pursuant to § (e)(3) of the Interim Rule, this Court hereby certifies that the circumstances of this case require an immediate review by a District Judge, and that the appeal of this matter should be expedited.

IT IS SO ORDERED.