**DAYTON CHRISTIAN SCHOOLS, et al., Plaintiffs,**

v.

**OHIO CIVIL RIGHTS COMMISSION, et al., Defendants.**

No. C-3-80-410.

United States District Court, S.D. Ohio, W.D.

July 30, 1984.

sation are likewise sufficiently satisfied.

Bruce Pence, Daniel N. Kosanovich, Dayton, Ohio, William B. Ball, Harrisburg, Pa., for plaintiffs.

Helen Ninos, Asst. Atty. Gen., Columbus, Ohio, for defendants.

DECISION AND ENTRY SUSTAINING PLAINTIFFS' MOTION FOR AN INJUNCTION PENDING APPEAL; ORDER ENJOINING DEFENDANTS, PENDING APPEAL, FROM INVESTIGATING AND CONDUCTING A HEARING ON CHARGES OF SEX DISCRIMINATION AND RETALIATORY EMPLOYMENT PRACTICES MADE AGAINST DAYTON CHRISTIAN SCHOOLS BY ONE OF ITS FORMER TEACHERS; BOND SET

RICE, District Judge.

This cause is before the Court on Plaintiffs' Motion for an injunction pending appeal (doc. # 30), together with the parties' various memoranda in support of and contrary to such a request for injunction (doc. ## 31, 35, 37 and 38). Plaintiffs have supported their Motion by reference to Rule 62(c), Fed.R.Civ.P.

Rule 62(c) provides:

Injunction Pending Appeal. When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party. If the judgment appealed from is rendered by a district court of three judges specially constituted pursu-

ant to a statute of the United States, no such order shall be made except (1) by such court sitting in open court or (2) by the assent of all the judges of such court evidenced by their signatures to the order.

■ In deciding whether to grant the requested injunction herein, the Court must consider four factors:

(1) whether it is likely that the Plaintiffs will prevail on appeal;

(2) whether Plaintiff will suffer irreparable harm unless the injunction is granted;

(3) whether other parties or interested persons will suffer substantial harm if the injunction is granted; and

(4) whether the public interest will be harmed or served by granting the injunction.

*See e.g., Washington Area Transit Commission v. Holiday Tours, Inc.,* 559 F.2d 841 (D.C.Cir.1977); *Long v. Robinson,* 432 F.2d 977 (4th Cir.1970); *Belcher v. Birmingham Trust National Bank,* 395 F.2d 685 (5th Cir.1968); *N.L.R.B. v. General Motors Corp.,* 510 F.Supp. 341 (S.D.Ohio 1980); 11 Wright and Miller, *Federal Practice and Procedure,* § 2904 at p. 316; 7 Moore's *Federal Practice,* ¶ 62.05.

In the present case, as with most cases in which an injunction pending appeal is sought, the first factor is, conceptually, the most difficult to apply. Logic dictates that a court will seldom deny an injunction, then turn around and grant one pending appeal, finding, in part, that the party seeking injunctive relief is likely to prevail on appeal, *i.e.* that it is likely that the court erred in denying injunctive relief. Herein, the Court remains convinced that its Decision of January 6, 1984, overruling Plaintiff's request for a permanent injunction, (doc. # 25) was correct. 578 F.Supp. 1004.

■ However, it is not necessary for the Plaintiffs to demonstrate that it is more probable than not that they will succeed on appeal before the Court can grant an injunction pending appeal. *Washington Metropolitan Area Transit Commission, supra.* In that case, the Court explained the relationship between the first and the other three factors:

Instead, we hold that under *Virginia Petroleum Jobbers [Association v. FPC,* 259 F.2d 921 (1958)]* a court, when confronted with a case in which the other three factors strongly favor interim relief may exercise its discretion to grant a stay if the movant has made a substantial case on the merits. The court is not required to find that ultimate success by the movant is a mathematical probability, and indeed, as in this case, may grant a stay even though its own approach may be contrary to movant's view of the merits. The necessary "level" or "degree" of possibility of success will vary according to the court's assessment of the other factors.

\* \* \* \* \* \*

We believe that this approach is entirely consistent with the purpose of granting interim injunctive relief, whether by preliminary injunction or by stay pending appeal. Generally, such relief is preventative, or protective; it seeks to maintain the status quo pending a final determination of the merits of the suit. An order maintaining the status quo is appropriate when a serious legal question is presented, when little if any harm will befall other interested persons or the public and when denial of the order would inflict irreparable injury on the movant. There is substantial equity, and need for judicial protection, whether or not movant has shown a mathematical probability of success.

559 F.2d at 843–44.[1]

With this understanding of Rule 62(c), the Court turns to the question of whether

---

**1.** In deciding whether to grant a preliminary injunction under Rule 65(a), Fed.R.Civ.P., courts have expressed similar concerns in analyzing the requirement that the party seeking a preliminary injunction demonstrate some likelihood of success on the merits. Thus, the court in *Metropolitan Detroit Plumbing and Mechanical Contractors Assn. v. H.E.W.,* 418 F.Supp. 585, 586 (E.D.Mich.1976), "In general, the likelihood of success that need be shown will vary inverse-

an injunction pending appeal would be proper herein. As stated above, the Court is satisfied that it reached the correct decision in this case. Nonetheless, this case raises serious legal questions. Anytime a court must engage in the delicate balancing required by First Amendment jurisprudence, the case raises serious legal issues. Additionally, the Court notes that the Sixth Circuit has not ruled on the precise questions presented by this case. Accordingly, if Plaintiffs have made a strong showing on the other three factors, the Court may properly grant the requested injunction.

■ If this Court does not grant an injunction pending appeal, the Plaintiffs will suffer irreparable harm. The focus of the Plaintiffs' claim in this case was that even investigatory proceedings by the Ohio Civil Rights Commission ("OCRC") would violate their First Amendment Rights. In the absence of the requested injunctive relief, the challenged investigations will proceed and appellate review of this Court's decision will have all the practical consequences of "locking the barn after the horse has been stolen." However, beyond the loss of potential benefits from pursuing appellate rights, Plaintiffs face the prospect of a much severe form of irreparable harm. In the event that this Court incorrectly denied Plaintiffs permanent injunction in this case, they will irretrievably lose their First Amendment rights. In *Elrod v. Burns*, 427 U.S. 347, 373, 96 S.Ct. 2673, 2689, 49 L.Ed.2d 547 (1976) (plurality opinion), the Court noted:

> The loss of First Amendment freedoms for even minimal periods of time unquestionably constitutes irreparable injury.[2]

If the proceedings before the OCRC go forward, Plaintiffs face the permanent loss of First Amendment rights, rather than their loss for a minimal period of time. Accordingly, the Court concludes that

Plaintiffs have made a strong showing that they will suffer irreparable harm without an injunction.

If the Court grants the requested injunction, it is conceivable that the Defendants and Mrs. Linda Hoskinson, an interested person, will suffer some harm. However, the risk of harm that confronts the Defendants and Mrs. Hoskinson is of a different magnitude than that which the Plaintiffs face. If this Court is affirmed on appeal, then the Defendants have merely been delayed in carrying out their statutory duty of enforcing Ohio's civil rights laws. If Mrs. Hoskinson prevails in the state administrative proceedings, she will also have experienced some delay in obtaining whatever relief to which she is entitled. However, an award of back pay will fully compensate her for that delay. Accordingly, the Court concludes that any harm that either the Defendants or Mrs. Hoskinson will suffer as a result of an injunction is insubstantial, particularly when compared with the potential harm which confronts the Plaintiffs.

■ The Court is of the opinion that the public interest will be served by issuing an injunction pending appeal. As the Defendants argue, there is a significant public interest in the eradication of discrimination. *See e.g., EEOC v. Pacific Press Publishing Association*, 676 F.2d 1272 (9th Cir.1982). However, it is axiomatic that the public has an equal interest in fostering the values which underlie the religion clauses of the First Amendment. The Court is convinced that the public interest will best be served by issuing an injunction and allowing an appeal in this case. This will assure that a higher court will be able to weigh and to consider the need and obligation of the state to act to end alleged sex discrimination without offending fundamental First

---

ly with the degree of injury the plaintiff will suffer absent an injunction." *See also, Roth v. Bank of the Commonwealth*, 583 F.2d 527, 537–38 (6th Cir.1978); *Hamilton Watch Co. v. Benrus Watch Co.*, 206 F.2d 738, 740 (2d Cir.1953).

**2.** In *Elrod v. Burns, supra,* the Supreme Court spoke of the First Amendment freedoms of political belief and association. Nonetheless, this Court believes that the concept is equally applicable to the religion clauses of the First Amendment.

Amendment values. The granting of an injunction will guarantee that the appellate court's opinion, whatever it might be, will be *effective*—from a practical consideration—in resolving the litigation. To deny the injunction would have the practical effect of rendering any appellate decision meaningless, insofar as the fundamental legal issues herein are concerned.

■ The Court has applied the four factors and concludes that this case cries out for the maintenance of the status quo, pending appeal. Therefore, pursuant to the authority granted by Rule 62(c), the Court hereby enjoins the Defendant Ohio Civil Rights Commission, its agents, successors and all persons acting by or through its authority, from proceeding to a public hearing concerning the employment practices of Plaintiff, Dayton Christian Schools, Inc., from subpoenaing records of Dayton Christian Schools, Inc. related to its employment practices, from conducting investigations into its employment practices, or from otherwise intruding upon or becoming entangled with Plaintiffs' free exercise and establishment of their religious belief. This injunction shall remain in effect until the disposition of the appeal now pending before the United States Court of Appeals for the Sixth Circuit.

■ The final remaining matter is the setting of an appropriate bond. The Court orders that Plaintiffs execute a bond in an amount equal to one year of Mrs. Hoskinson's pretermination salary. Since the appellate process will take approximately one year to conclude, a bond in the amount of one year of Mrs. Hoskinson's pre-termination salary will guarantee that, should she ultimately prevail upon the merits, she will have suffered no monetary loss by virtue of the delay occasioned by the Defendants' appeal of this Court's decision. This injunction pending appeal shall become effective upon the filing of evidence of such a bond with the Office of the Clerk of Courts.