**Brenda THOMAS, individually and on behalf of a class, Plaintiffs,**

**v.**

**CITY OF EVANSTON, Defendant.**

**No. 80 C 4803.**

United States District Court, N.D. Illinois, E.D.

April 2, 1986.

Kenneth M. Flaxman, Chicago, Ill., for plaintiffs.

William Kurnik, Arlington Heights, Ill., Jack Spiegel, Chicago, Ill., for defendant.

## MEMORANDUM ORDER

ASPEN, District Judge:

For reasons stated below, plaintiffs' second petition for a rule to show cause why the City should not be held in contempt is granted, but the order awarding retroactive seniority will be stayed pending the City's forthcoming appeal of this Title VII suit.

In September 1984 the City signed a consent decree in which, among other things, it agreed to hire four class members within one year. The parties did not agree about issues such as back pay to the class and seniority for those class members hired. The Court decided these (and other) questions, granting plaintiffs' motion for summary judgment and holding that the class was entitled to a "make whole" award under 42 U.S.C. § 2000e–5(g), which included back pay and "full retroactive seniority— both 'benefit' and 'competitive'—" to those ultimately hired under the consent decree. *Thomas v. City of Evanston,* 610 F.Supp. 422, 436–37 (N.D.Ill.1985). The case was referred to a magistrate for calculation of back pay and other matters. No report has been issued yet. In the meantime, the City tried once to appeal, but agreed to dismiss the appeal, probably because it decided that there was no basis then for appellate jurisdiction.

On January 3, 1986, the City hired two class members under the consent decree. However, rather than abide by the Court's summary judgment opinion and order and accord the new employees retroactive seniority, the City started them at the pay of a new employee, along with other benefits of a new employee, such as fewer vacation days and so on. Plaintiffs' counsel tried unsuccessfully to persuade the City to obey promptly the court's order regarding seniority, but the City refused. Finally, in early March plaintiffs filed a petition to hold the City in contempt. It was only in its response to plaintiffs' petition that the City has asked the Court to stay the seniority order pending appeal, and it has done so without filing a formal motion.

The City points out first that it has not violated the consent decree since that agreement required it to hire the two plaintiffs but not to grant them seniority rights. That is correct, but beside the point, since plaintiffs seek to hold it in contempt for violating this Court's summary judgment order, not the consent decree.

The City concedes that our opinion unequivocally requires it to grant the two plaintiffs retroactive seniority. It argues however, without case authority, that our order can become binding on it only after a final judgment order is issued under Rule 58; that is, the judgment effectuates the order, it argues. When such a final order is entered, the City will seek a stay pending appeal. It says a stay will then be proper to protect the status quo, since if it pays plaintiffs the higher pay up front, it very well might not recoup the money if it wins the appeal.

■ The City's argument that a final judgment is necessary to give an interlocutory order legal effect is clearly incorrect:

> [A]ll orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect, the reme-

dy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal. Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect.... The orderly and expeditious administration of justice by the courts requires that an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings.

*Maness v. Meyers*, 419 U.S. 449, 458–59, 95 S.Ct. 584, 591, 42 L.Ed.2d 574 (1975) (internal citations and quotations omitted). Surely the City does not really believe its over-generalized proposition that interlocutory orders have no immediate force. Otherwise preliminary injunctive orders, discovery orders, orders excluding evidence or even orders setting status dates would not have to be obeyed.

However, this is not to accuse the City of bad faith or to say that it lacks valid concerns. As it stands now, our order requires it to pay out money pending appeal, perhaps over the course of a year or more, to the two plaintiffs. Obviously, it wants to be able to protect itself in case it wins on appeal. This is understandable and we do not fault the City for trying to protect this interest. But we do fault the City for *how* it tried to protect itself pending appeal.

■ The relevant part of our February 26, 1986 order was prospective. Essentially, we ordered that when the City hires class members under the consent decree it must give them retroactive seniority. The order took effect in January when the City hired the class members. The City then had two legitimate paths: obey the order or seek a stay of the order pending appeal. It chose an illegitimate path: disobey the order. While we attribute the City's lack of compliance to a misconception of its obligations rather than to stubborn defiance, bad faith or malice, the fact remains that it has disobeyed a binding court order. Its lawyers should have known better. We therefore hold the City in contempt of our order.

Perhaps the City was confused by the hybrid nature of the order. It is essentially an injunction, an equitable order, part of the restitution which Title VII empowers the Court to grant. Yet there is also a "damages" aspect to the order, since what it requires the City to do is to pay money to the two plaintiffs.[1] Normally, defendants do not have to pay damages immediately. When a final money judgment order is entered, they may file a supersedeas bond with the court and thereby secure an automatic stay of execution pending appeal.[2] The City might have thought this procedure would apply, and, indeed, it will apply to the lump sum back pay award which is forthcoming.[3]

■ However, as described above, our order was already effective and so the City should have sought a stay earlier. The City suggests that it could not have done so, because no final judgment had been entered, so it had no right to appeal. But

---

1. Yet it is not really damages in the traditional sense. Usually a monetary award is given in a lump sum as compensation for past harm. Here the seniority provides the compensation, and it entails regular prospective payment of money. The award is thus essentially an equitable one, although it entails a continuing redistribution of resources from defendant to plaintiffs.

2. *See* Fed.R.Civ.P. 62(d); *American Mfrs. Mutual Insurance Co. v. American Broadcasting—Paramount Theatres, Inc.*, 87 S.Ct. 1, 17 L.Ed.2d 37 (1966) (Harlan, J. Circuit Justice); *Federal Prescription Service, Inc. v. American Pharmaceutical Ass'n.*, 636 F.2d 755, 759 (D.C.Cir.1980).

3. *See Dewey v. Reynolds Metal Co.*, 304 F.Supp. 1116, 1118 (W.D.Mich.1969) (staying back pay judgment in Title VII case with posting of supersedeas bond), *rev'd on other grounds*, 429 F.2d 324 (6th Cir.1970); *cf. Donovan v. Fall River Foundry Co., Inc.*, 696 F.2d 524, 526 (7th Cir. 1982) (automatic stay in "money judgment" cases; discretionary stay in injunctive-type cases). Even if the Rule 62(d) bond procedure would have applied to moneys paid under the seniority order, the City would still be in contempt since it disobeyed the order rather than post a bond.

that is incorrect. First of all, once the order, which was really an injunctive order, went into effect, the City might have already had an immediate right to appeal. *See* 28 U.S.C. § 1292(a)(1).[4] However, whether the City had an immediate right to appeal is not important, since it quite clearly had an immediate right to seek a stay. Even though Fed.R.Civ.P. 62(c) authorizes the court to stay an injunction "[w]hen an appeal is taken," this Rule has not and should not be read to mean that a stay can be granted *only* after an appeal is taken. "When there is reason to believe that an appeal will be taken, there is no reason why the court should not make an order preserving the status quo during the expected appeal. The order can be conditioned on an appeal being taken by a stated date." 11 C. Wright & A. Miller, *Federal Practice & Procedure*, § 2904 (1973) at 324. Such a rule fits with common sense. It was within the Court's equitable power and discretion toenter the seniority order in the first place; it surely is with our power to stay the order if equity requires, and nothing prevents such a stay from being entered at any time before appeal. In short, the City has no excuse for failing to seek a stay sooner.

Although the City has not yet made a formal motion to stay, it did raise the issue in its papers and plaintiffs briefly responded. Rather than subject the parties to another round of paperwork, we will in the interest of economy review the stay issue now as if the City had made a formal motion.

■ The requirements for a stay pending appeal mirror those for securing a preliminary injunction. A stay may be granted if the City can show (1) some likelihood of winning its appeal, (2) some likelihood of irreparable injury absent a stay, (3) that the stay would not unduly harm plaintiffs, and (4) that the stay would be consistent with the public interest. *See, e.g., Glick v. Koenig*, 766 F.2d 265, 269 (7th Cir.1985).

The second and third factors clearly favor the City in this case. If it pays out the higher salary pending appeal it may well have difficulty recovering the money if it wins the appeal. The harm to plaintiffs from a stay will not be insignificant, but will be reparable and is thus not substantial. They would lose their increase in salary for perhaps a year, but would recover the loss in a lump sum with interest should they win the appeal. In the meantime, they would retain their jobs with their present salary. On balance, then, we think factors (2) and (3) favor the City. A stay would preserve the status quo and strike a fair balance between both parties' rights pending outcome of appeal.

The "public interest" does not figure significantly into the equation in this case. It already has been vindicated in part by the hiring of the two plaintiffs. While immediate seniority rights would fully vindicate the public's interest in complete enforcement of Title VII, a delay of a year with retroactive compensation will also vindicate that interest. And the citizens of Evanston have an interest in not paying out money they may not be able to recoup ultimately. In sum, a stay would not disserve the public interest.

The first factor, "likelihood of success," presents the most conceptual difficulty. Obviously, we think an appeal will probably fail; we have reviewed our opinion and stand by it. Had we thought an appeal would be successful, we would not have ruled as we did in the first place. But a party seeking a stay need not show that it is more than 50% likely to succeed on appeal; otherwise, no district court would ever grant a stay. It is enough that the City have a substantial case on the merits. *See Washington Area Transit Commission v. Holiday Tours, Inc.*, 559 F.2d 841, 843–44 (D.C.Cir.1977); *Dayton Christian Schools v. Ohio Civil Rights Commission*, 604 F.Supp. 101, 103 (S.D.Ohio 1984), *rev'd on other grounds*, 766 F.2d 932 (6th Cir.

---

**4.** We think it is good that the City did not try another immediate appeal. Judicial economy will favor an appeal after the Rule 58 judgment is entered. Since we are staying the seniority provision below, the City will suffer no prejudice by waiting until the final order is entered.

1985), *jur. postponed,* —— U.S. ——, 106 S.Ct. 379, 88 L.Ed.2d 332 (1985). As in the preliminary injunction context, a sliding scale applies .to this analysis. The more the other three factors favor a stay, the less need a movant show on the likelihood of success factor. *See Holiday Tours,* 559 F.2d at 843; *cf. Lawson Products, Inc. v. Avnet,* 782 F.2d 1429, 1433–34 (7th Cir. 1986); *Roland Machinery Co. v. Dresser Industries, Inc.,* 749 F.2d 380, 387–88 (7th Cir.1984); *United States v. Board of Education of City of Chicago,* 610 F.Supp. 702, 705 (N.D.Ill.1985). The object of the inquiry is to minimize the costs of error. Thus, where as here the other three factors strongly favor a stay, the movant need only show that it will raise serious questions on appeal. *Holiday Tours,* 559 F.2d at 843.

■ While we do not think the City will have a strong case on appeal, we cannot say its case is frivolous or that its chances are negligible. After balancing the four factors, we think the more prudent course is to preserve the status quo by staying the seniority order pending its forthcoming appeal.[5]

■ Although we have decided to stay the seniority order, it nevertheless remains the case that the City was in contempt of that order for about two months. We hold the following sanction to be proper: the City shall promptly pay the plaintiffs reasonable attorney's fees and costs incurred because of the City's lack of compliance, including the fees and costs associated with litigating the present contempt petition. Plaintiffs may file a bill of fees and costs

on or before April 11, 1986. It is so ordered.

The plaintiffs' petition for a rule to show cause is granted, and the City shall reimburse plaintiffs' costs and fees as spelled out above. The seniority order in the Court's February 1985 opinion shall be stayed pending appeal.[6]

It is so ordered.

---

**5.** The only objection plaintiffs have raised to a stay is an allegation that the City has "unclean hands." While it was late in hiring the two class members, we do not think this slowness soils its hands for purposes of seeking a stay. Insofar as it has unclean hands from disobeying the seniority order, our sanction in the next paragraph redresses the injury to plaintiffs.

**6.** Rule 62(c) authorizes the Court to set a bond pending appeal. As noted earlier, Rule 62(d) has a similar provision which will apply to the forthcoming back pay award. We will leave these issues initially for the parties to resolve

informally. We suspect that the City will promptly honor the judgment if it loses on appeal, so a bond might not be necessary. However, plaintiffs may be entitled to one under these Rules. If the parties cannot resolve this issue themselves, plaintiffs may request the Court to set an appropriate bond.