**Richard GRAFF, Plaintiff,**

v.

**CITY OF CHICAGO, et al., Defendants.**

No. 91 C 1056.

United States District Court,
N.D. Illinois, E.D.

Sept. 15, 1992.

Matthew J. Piers, Jonathan A. Rothstein, Gessler, Flynn, Fleischmann, Hughes & Socol, Ltd., Chicago, Ill., for plaintiff.

Gail A. Niemann, Chief Asst. Corp. Counsel, Kelly R. Welsh, Corp. Counsel, City of Chicago, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

LINDBERG, District Judge.

Plaintiff Richard Graff has filed an emergency motion for an injunction pend-

ing appeal. FRCP 62(c). See FRAP 8(a). In connection with that motion, the court has considered plaintiff's motion itself; defendant City of Chicago's memorandum in opposition to the motion; the oral arguments of counsel; the various materials attached to the motion and the memorandum in opposition; and the briefs from the appeal. Plaintiff's emergency motion for an injunction pending appeal will be denied.

In this case plaintiff seeks to prevent defendant from enforcing its ordinance governing newsstands against plaintiff's newsstand. When it appeared that defendant would soon seek to enforce its most recent ordinance on the subject against his newsstand, plaintiff moved in this court for a temporary restraining order (TRO). Because a ruling on the motion for a TRO would require a determination by this court of plaintiff's likelihood of success on the merits, judicial economy dictated that this court consider at that time defendant's previously filed and fully briefed motion to dismiss. This court entered an order on May 28, 1992, 800 F.Supp. 576, dismissing with prejudice Counts I and II of plaintiff's amended complaint. Those counts containing the only claims on which injunctive relief might be premised, the order also denied plaintiff's motion for a TRO on the ground that plaintiff had not shown a sufficient likelihood of success on the merits.

In Counts I and II, plaintiff had alleged the newsstand ordinance was unconstitutional on its face without first utilizing the administrative process provided for in that ordinance. In light of this court's May 28, 1992, order, plaintiff took two actions: (1) he filed an application pursuant to the ordinance and (2) he appealed this court's May 28, 1992, order to the United States Court of Appeals for the Seventh Circuit. While his appeal was pending, the administrative process came to a conclusion. His application for a permit was denied on August 13, 1992, and an application for an economic hardship exception was denied on September 3, 1992. Plaintiff has been ordered to remove his newsstand from its present location by September 17, 1992, or else defendant will remove it. Because of this order, plaintiff requested that the court of

appeals grant him an injunction pending his appeal which, although fully briefed at this time will not be orally argued (let alone decided) until after the scheduled removal date. The court of appeals required that he present his request for an injunction pending appeal to this court in the first instance. FRAP 8(a). See FRCP 62(c).

In deciding whether to issue an injunction pending appeal under FRCP 62(c), this court must consider: (1) whether the party seeking the injunction has made a strong showing that he is likely to succeed on the merits; (2) whether the party seeking the injunction will be irreparably injured absent an injunction; (3) whether issuance of the injunction will substantially injure other parties interested in the proceeding; and (4) where the public interest lies. See *Hilton v. Braunskill*, 481 U.S. 770, 777, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987); *Dayton Christian Schools v. Ohio Civil Rights Commission*, 604 F.Supp. 101, 103 (S.D.Ohio 1984). See also C. Wright & A. Miller, 11 *Federal Practice and Procedure* § 2904 at 316 (1973). The only factor clearly favoring issuance of the injunction sought is the third; issuance of the injunction would not substantially injure other parties interested in the proceedings.

The second factor might at first seem to favor issuance of the injunction, as plaintiff will be required to remove his newsstand if the injunction does not issue. However, plaintiff has not shown that if he is ultimately victorious in his challenge to the ordinance he could not be made whole by being permitted to replace his newsstand and to receive damages for the injury he will have suffered. The court notes that defendant has indicated to plaintiff's counsel that defendant would be willing to work with plaintiff to find another location for a newsstand near to the location of the current newsstand. Unless defendant is taking the position that it will only provide this assistance in return for plaintiff dropping all or part of his claims in this action, this would appear to offer plaintiff an opportunity to mitigate any damages should he ultimately be victorious on Count I or

Count II. The balance on this second factor tips against plaintiff, and it appears there may be a way for him to remain in business and mitigate any damages pending the appeal.

As to the fourth factor, the public certainly has an interest in having available to it as many different publications as possible. This might favor plaintiff's request for an injunction if he could show that certain publications would not be available from other sources near the location of his newsstand, but he has not made such a showing. It would have been surprising if he had made such a showing given his newsstand's location in downtown Chicago. Moreover, the public has a countervailing aesthetic interest in the location of the newsstand in front of the Chicago Cultural Center, which interest has found expression in defendant's legislation with respect to historic landmarks. On the whole, the public interest would be served by denying the request for an injunction.

The first factor, the likelihood of success on the merits, requires a somewhat lengthier analysis. In order for plaintiff to demonstrate a strong likelihood of success on the merits of his appeal, he must demonstrate a strong likelihood of success on the merits of an issue concerning the jurisdiction of the court of appeals and a strong likelihood of success on the merits of his claim that this court erred in its order of May 28, 1992.

There are two possible claims with respect to the jurisdiction of the court of appeals that may be disposed of quickly. First, despite statements of plaintiff to the contrary, there was no final judgment in this case. This court dismissed with prejudice two of the three counts of the complaint, but did not make "an express determination that there is no just reason for delay" or "an express direction for the entry of judgment." FRCP 54(b). Some of the confusion may have been caused by this court's clerk's mistaken filing of a document purporting to be a judgment pursuant to FRCP 58. However, in the absence of the required determination and direction, this document is not sufficient to transform this court's dismissal with prejudice of two of the complaint's three counts into a final judgment appealable under section 1291 of title 28. See 28 U.S.C. § 1291. Second, although as will be discussed interlocutory orders refusing injunctions are appealable, 28 U.S.C. § 1292(a)(1), the order denying the TRO is not appealable as such an order. See *Geneva Assurance Syndicate Incorporated v. Medical Emergency Services*, 964 F.2d 599, 600 (7th Cir.1992).

There is another possible basis for the jurisdiction of the court of appeals. The statute governing appeals from interlocutory decisions provides:

[T]he courts of appeals shall have jurisdiction of appeals from:

(1) Interlocutory orders of the district courts of the United States ... refusing ... injunctions....

28 U.S.C. § 1292(a)(1). This court dismissed with prejudice both counts of plaintiff's complaint requesting injunctive relief for failure to state a claim upon which relief can be granted. See FRCP 12(b)(6). That order was interlocutory rather than final. It therefore constituted an interlocutory order of a district court of the United States refusing an injunction. See *Geneva Assurance Syndicate Incorporated v. Medical Emergency Services*, 964 F.2d 599, 600 (7th Cir.1992) ("[T]he name which the judge gives the order is not determinative.... If it were, a judge could defeat a party's right to appeal by calling a preliminary injunction a temporary restraining order. So we must dig below the verbal surface."). At the very least, plaintiff has made a sufficient showing of likelihood of success on the merits of this question that it does not militate against the granting of the injunction sought.

However, the factor under consideration is the likelihood of plaintiff's success on the appeal; that is, the likelihood that when all is said and done the court of appeals will decide plaintiff is entitled to the injunction this court refused. That plaintiff is likely to succeed on the merits of the issue concerning the jurisdiction of the court of appeals is a necessary but not a sufficient condition for his being likely to succeed on the merits of his appeal. It is also necessary that plaintiff be likely to succeed on

the merits of the issue of whether this court erred in dismissing Counts I and II of plaintiff's first amended complaint. Plaintiff does not fare so well on this question.

The order of May 28, 1992, dismissed with prejudice two counts challenging the ordinance's constitutionality on its face. Those counts could have done nothing more, as plaintiff had not at that time taken the steps necessary to have the ordinance applied to his newsstand. Plaintiff has never taken the step necessary, moving to amend his complaint, to make the very different claim that the ordinance is for one or more reasons unconstitutional as applied to him in the recently concluded administrative proceedings. It is very significant that the issues before the court of appeals concern the constitutionality of the ordinance on its face; the circumstances under which a facial challenge to the constitutionality of legislation may be made are very narrow. This court explained in detail why it was of the opinion that plaintiff had not stated a claim for the facial invalidity of the ordinance in its Memorandum Opinion and Order of May 28, 1992. Those same reasons led the court to conclude that plaintiff had failed to establish a sufficient likelihood of success on the merits of the claims for which injunctive relief was sought to warrant the issuance of a TRO. The substantive issues on appeal being the same issues which were raised in connection with the motion to dismiss, the reasons stated for dismissing Counts I and II of the first amended complaint are also the reasons this court concludes that plaintiff has not established a sufficient likelihood of success on the merits of his appeal to warrant the issuance of an injunction pending appeal.

The relevant factors therefore weigh against the issuance of an injunction pending appeal. Plaintiff's emergency motion for such an injunction will be denied.

ORDERED: Plaintiff Richard Graff's emergency motion for an injunction pending appeal is denied.