UNITED STATES of America, Plaintiff–Appellee,

v.

**Wolfgang WAGNER and Photo–Cut, Inc., Defendants–Appellants.**

No. 93–2573.

United States Court of Appeals, Seventh Circuit.

Argued March 29, 1994.

Decided July 6, 1994.

---

**265**

Matthew L. Jacobs, Asst. U.S. Atty. (argued), Office of the U.S. Atty., Milwaukee, WI, for plaintiff-appellee.

Robert J. Lerner (argued), Perry, Lerner & Quindel, Milwaukee, WI, for defendants-appellants.

Before MANION, and ROVNER, Circuit Judges, and PLUNKETT, District Judge.*

PLUNKETT, District Judge.

Wolfgang Wagner and Photo-cut, Inc. were both charged in a two-count indictment with violations of § 6298(d)(2)(A) of the Resource Conservation and Recovery Act ["RCRA"] for unlawfully storing hazardous waste without a permit and unlawfully disposing of hazardous waste. 42 U.S.C. § 6298(d)(2)(A). After a bench trial, Wagner and Photo-cut were convicted on both counts. Both appeal, arguing that the government was required to prove knowledge of the permit requirement and that the evidence was insufficient to convict them of either count. We disagree, and affirm the convictions.

### Background

Photo-cut, Inc. was a Waukesha, Wisconsin photo etching business formed in 1987 by Wagner and two others, with Wagner becoming an 80 percent owner actively involved in running the day to day affairs by 1988. The photo etching process utilizes ferric chloride which is spent in the process. Spent ferric chloride is a regulated hazardous waste.

* The Honorable Paul E. Plunkett, District Judge, United States District Court for the Northern District of Illinois, is sitting by designation.

Photo-cut never had a permit to store or dispose of hazardous waste. Yet, Photo-cut employees routinely stored the spent ferric chloride in and around the Photo-cut facility. On May 11, 1990, a search warrant was executed at Photo-cut and more than 150 55-gallon drums of ferric chloride were found inside and outside of the premises. Records indicated that Photo-cut had purchased more than 190 drums of virgin ferric chloride, but there were no records to suggest Photo-cut had ever properly disposed of the chemical.

In June 1990, Photo-cut moved its business operations from Waukesha to Florida. Afterward, officials of the Wisconsin Department of Natural Resources visited the Waukesha site on two occasions. Both times, the officials found numerous drums of spent ferric chloride on the premises. The charges in this case arose from the Defendants' illegal storage of the spent ferric chloride, a hazardous waste, and abandonment of similar waste when the company moved to Florida in June 1990.

1. **Does Section 6928(d)(2)(A) require the Government to prove that the Defendants had knowledge of RCRA's permit requirement?**

The Defendants first argue that the trial judge erred in finding that the elements of a violation of section 6928(d)(2)(A) do not require that the government prove knowledge of RCRA's permit requirement. We reject this argument, and join the majority of Circuits that have addressed this issue in holding that section 6928(d)(2)(A) does not contain a requirement that the government prove that the Defendants had knowledge of RCRA's permit requirement.

Section 6298(d) provides, in pertinent part:

Any person who—

(2) knowingly treats, stores, or disposes of any hazardous waste identified or listed under this subtitle—

(A) without a permit under this subtitle . . .;

(B) in knowing violation of any material condition or requirement of such permit; or

(C) in knowing violation or any material condition or requirement of any applicable interim status regulations or standards ...

shall, upon conviction, be subject to a fine of not more than $25,000 ... or to imprisonment not to exceed one year ... or both. 42 U.S.C. § 6928.

The Defendants argue that because it is unclear whether subsection (d)(2)'s use of "knowingly" applies to subsection (A), there is an ambiguity in the statute that must be resolved in their favor under the rule of lenity. Thus, the question is simply "how far the initial 'knowingly' travels." *United States v. Dean,* 969 F.2d 187, 190 (6th Cir. 1992). We find that it does not "travel" to (d)(2)(A).

First, as in all cases of statutory interpretation, the starting point of our analysis is the plain language of the statute itself. *United States v. Rosado,* 866 F.2d 967, 969 (7th Cir.1989) (citations omitted). A simple, straightforward reading of the language of the statute makes it clear to us that the Defendants' argument must fail. Congress clearly knew how to write "knowingly" when it drafted subsection (d)(2). The fact that it used "knowingly" in subsection (2) and subsidiary subsections (2)(B) and (2)(C) but omitted it from subsidiary subsection (2)(A), the permit requirement language at issue, is telling. To read "knowingly" as used in subsection (2) to apply to subsidiary subsections (A), (B), and (C) would render its use in (B) and (C) mere surplusage. That is an impermissible construction that conflicts with the maxim that we are to " 'give effect, if possible, to every clause and word of a statute.' " *See Dean,* 969 F.2d at 191 (quoting *United States v. Menasche,* 348 U.S. 528, 538–39, 75 S.Ct. 513, 519–20, 99 L.Ed. 615 (1955)). *See*

also *United States v. Hoflin,* 880 F.2d 1033, 1038 (9th Cir.1989).

Second, the Supreme Court has provided guidance in a closely analogous case. *United States v. International Minerals & Chem. Corp.,* 402 U.S. 558, 91 S.Ct. 1697, 29 L.Ed.2d 178 (1971), involved a prosecution under 19 U.S.C. § 834(f), which prohibited a "knowing" violation of ICC regulations. The question before the Court was whether knowledge of the ICC regulation itself was a necessary element of a violation of § 834(f). The Court noted that though knowledge of the violative conduct was required, ignorance of the law is no excuse, and the knowledge of the regulation was not required under § 834(f).[1]

Finally, this precise issue has been addressed by five other Circuits. With the exception of the Third Circuit in *United States v. Johnson and Towers,* 741 F.2d 662, 668 (3rd Cir.1984),[2] the circuits have unanimously held that knowledge of RCRA's permit requirement is not an element of a violation of § 6928(d)(2)(A). *See Dean,* 969 F.2d 187, 191 (6th Cir.1992); *United States v. Dee,* 912 F.2d 741, 745 (4th Cir.1990); *Hoflin,* 880 F.2d 1033, 1036–39 (9th Cir.1989); *United States v. Hayes Int'l,* 786 F.2d 1499, 1502, 1503 (11th Cir.1986). *Cf. United States v. Sellers,* 926 F.2d 410, 415 (5th Cir.1991). Today, we join the Fourth, Sixth, Ninth, and Eleventh Circuits in holding that knowledge of RCRA's permit requirement is not an element of a violation.

### 2. The sufficiency of the evidence.

■ In challenging the sufficiency of the evidence, the Defendants bear a particularly heavy burden. *United States v. Young,* 20 F.3d 758, 765 (7th Cir.1994); *United States v. Burrell,* 963 F.2d 976, 987 (7th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 357, 121 L.Ed.2d 270 (1992); *United States v. Her-*

---

1. The Court also found that in certain areas, included when "obnoxious waste material" are involved, "the probability of regulation is so great that anyone who is aware that he is in possession of them or dealing with them must be presumed to be aware of the regulation." *International Minerals,* 402 U.S. at 565, 91 S.Ct. at 1701.

2. *Johnson* is of little help to the Defendants. In *Johnson,* the Third Circuit softened its finding that knowledge of the regulations must be shown significantly by holding that the jury is free to infer knowledge on the part of a management level employee in a highly regulated area involving hazardous waste. 741 F.2d at 669.

*nandez,* 948 F.2d 316, 321 (7th Cir.1991); *United States v. Scroggins,* 939 F.2d 416, 421 (7th Cir.1991). The evidence is viewed in the light most favorable to the government, and the conviction must be upheld if any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Allen,* No. 93–1138, slip op. at 9; *United States v. Woods,* 995 F.2d 713, 717 (7th Cir.1993); *United States v. Villarreal,* 977 F.2d 1077, 1078 (7th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1350, 122 L.Ed.2d 731 (1993); *Burrell,* 963 F.2d at 987; *United States v. Bafia,* 949 F.2d 1465, 1475 (7th Cir.1991). We may not overturn a conviction on sufficiency grounds unless there is no evidence in the record upon which a finding of guilt could have been based. *United States v. McKinney,* 919 F.2d 405, 416 (7th Cir.1990); *United States v. Nesbitt,* 852 F.2d 1502, 1509 (7th Cir.1988). In reviewing a conviction for sufficiency of the evidence: "We refuse to reassess the credibility of the witnesses' testimony because that is the prerogative of the trial court. 'An appellate court will not weigh the evidence or assess the credibility of the witnesses.'" *United States v. Harty,* 930 F.2d 1257, 1266 (7th Cir.1991) (quoting *United States v. Ramirez,* 796 F.2d 212, 214 (7th Cir.1986)).

As we have decided above the knowledge of RCRA's permit requirement is irrelevant to a conviction under 6928(d)(2)(A), Wagner's argument that the government did not prove his knowledge of that requirement beyond a reasonable doubt need not be addressed. We turn now to the Defendants' argument that abandonment was not proved beyond a reasonable doubt.

The Defendants contend that they understood that an employee, Robert Benuck, had made all the arrangements to dispose of the chemicals left at Photo-cut's Waukesha facility. However, Benuck testified that he made no such arrangement because he assumed that Wagner and his partner, Mr. Mullins,[3] had made them. The Defendants also argue that they made arrangements with Ashland Chemical to dispose of the waste. However,

Steven Reid, an Ashland employee, testified that Ashland had never been paid for waste it had removed from Photo-cut earlier and had never agreed to remove the remaining waste. No employee of Ashland testified to the contrary. Finally, the Defendants contend that they did not know that the waste remained at the Waukesha facility. Testimony from Photo-cut's Waukesha landlord indicates that he repeatedly contacted Wagner in Florida about the abandoned waste. Photo-cut, and Wagner, as the majority owner and operator of Photo-cut, were responsible for cleaning up the waste, and they may not pawn that responsibility off on others so easily.

### Conclusion

The decision of the District Court for the Eastern District of Wisconsin is

AFFIRMED.

---

**3.** Robert Mullins, a minority owner of Photo-cut, was found not guilty by Judge Evans.