### UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,

v.

### LAIDLAW WASTE, INC., Defendant.

#### No. 96 C 3252.

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 14, 1996.

Jean Powers Kamp, John C. Hendrickson, United States Equal Employment Opportunity Commission, Chicago, IL, Jose Jorge Behar, Equal Employment Opportunity Commission, Chicago, IL, for E.E.O.C.

Michael T. Roumell, Tracey Lynne Truesdale, Murphy, Smith & Polk, Chicago, IL, Michele Baird, Dan Hartsfield, Sharlee A. Cole, Gardere & Wynne, Dallas, TX, for Laidlaw Waste Systems, Inc.

## MEMORANDUM OPINION AND ORDER

CASTILLO, District Judge.

The Equal Employment Opportunity Commission filed this action pursuant to § 710 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–9 (1996), to enforce four subpoenas issued against Laidlaw Waste, Inc., as part of its investigation into an EEOC charge of racial discrimination filed by a Laidlaw employee. Three of the subpoenas seek the testimony of Laidlaw employees; the remaining subpoena seeks certain documents from Laidlaw. After careful consideration of the merits of each party's arguments, including full briefing and oral

argument, this Court issued an Order[1] requiring Laidlaw to comply with the document subpoena as modified by the Court by July 24, 1996, and to comply with the testimony subpoenas as modified by the Court by July 31, 1996. Laidlaw has appealed the Order, and now moves for a stay of the Order pending appeal, pursuant to FED.R.CIV.P. 62(c).

■ "[T]he factors regulating the issuance of a stay are ...: (1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987). "If it is plain that the party seeking the preliminary injunction [or stay][2] has no case on the merits, the injunction should be refused regardless of the balance of harms," however. *Green River Bottling Co. v. Green River Corp.*, 997 F.2d 359, 361 (7th Cir.1993); *see also Mil-Mar Shoe Co., Inc. v. Shonac Corp.*, 75 F.3d 1153, 1156 (7th Cir.1996).

■ Laidlaw initially argued that it is likely to succeed on the merits of its appeal both as to the document subpoena and the testimony subpoenas. However, Laidlaw's reply brief now informs the Court that, as of July 24, 1996, it has "complied with" that portion of the Order relating to the document subpoena. *See* Def.'s Reply Br. in Supp. of Mot.

1. There are actually two orders associated with this issue, the Order dated June 27, 1996, in which the Court ordered compliance with the subpoenas as modified, and the Order dated July 11, 1996, which corrected a typographical error in the previous order. For ease of reference, the two orders will be referred collectively as the "Order."

2. "The requirements for a stay pending appeal mirror those for securing a preliminary injunction." *Thomas v. Evanston*, 636 F.Supp. 587, 590 (N.D.Ill.1986).

3. Even if Laidlaw had not produced the documents and mooted this portion of its request for a stay, this Court would not have granted a stay as to the document subpoena. In support of its argument with regard to the document subpoena Laidlaw cited only to the "reasons ... set forth" in its response brief to the EEOC's application to

for Stay at 2. Thus, this entire portion of Laidlaw's appeal is quite probably moot. The request for a stay is certainly moot: Laidlaw has apparently already produced the documents that it asked this Court not to force it to produce during the appeal. Accordingly, we deny this portion of Laidlaw's request for a stay as moot.[3]

■ As to the testimony subpoenas, Laidlaw relies on the argument that the subpoenas were procedurally defective because no witness fees were tendered with the subpoenas. This argument appeared to have been waived by Laidlaw's counsel at oral argument. The issue of fees was not mentioned at any time during the hearing. Further, Mr. Hartsfield, the "outside general counsel" for Laidlaw, indicated that Laidlaw's only objection to producing its employees pursuant to the subpoenas was the procedure for taking testimony that the EEOC wished to use:

> MR. HARTSFIELD: ... the way they wanted to procure that testimony was to swear them in under oath and take that testimony down on a note pad with no record of a transcript whatsoever.
>
> My objection to that issue was them taking the sworn testimony of my people was the procedure they were demanding to use. I said that that is inappropriate to take sworn testimony by writing down portions of their responses that you deem to be appropriate.

enforce the subpoenas. This reference is less than illuminating: this Court's previous orders resolved several of the objections raised in that brief, and Laidlaw did not identify which of the remaining objections (if any) it planned to press on appeal. (Laidlaw has not yet filed its appellant's brief in the Seventh Circuit.) Because Laidlaw's likely arguments on appeal regarding the document subpoena are so unclear, it is difficult for this Court to assess the likelihood of the success of those arguments. Nevertheless, we considered all of the arguments raised in Laidlaw's earlier briefs before issuing the Order. In the absence of any new or more compelling argument, we would stand by that decision and find that Laidlaw is unlikely to succeed on the merits of its appeal as to the document subpoena.

THE COURT: So your position is you were willing to make these supervisors available at your plant?

MR. HARTSFIELD: Absolutely....

It's a procedure that I have never heard of any other agency doing, and I've certainly never encountered that procedure. That is, in a nutshell, the gist of my objection to them taking the testimony of the individuals....

June 27, 1996 Transcript of Proceedings at 9–10.

MR. HARTSFIELD: ...

Now, if we can go to some of the I guess specific arguments that we have with respect to the documents, and again, I'll just set the witnesses aside because my view on that is the only objection I have to that is the method of taking the testimony, *not whether they're entitled to do so or not.*

*Id.* at 14 (emphasis added). Laidlaw thus appeared to have waived its argument that it was excused from compliance with the testimony subpoenas by the EEOC's failure to tender witness fees. In addition, the Court's order directing compliance with the subpoenas addressed Laidlaw's only stated concerns by requiring that the testimony be properly transcribed. *Id.* at 27. Be that as it may, this Court will address the witness fees argument here.

Both parties agree that Rule 45 of the Federal Rules of Civil Procedure is relevant to the necessity of tendering fees: the EEOC's investigatory powers and procedures under § 710 of Title VII of the Civil Rights Act of 1964 are defined by § 11(4) of the National Labor Relations Act, 29 U.S.C. § 161, which states that "[w]itnesses summoned before the Board ... shall be paid the same fees and mileage that are paid witnesses in the courts of the United States." 29 U.S.C. § 161(4) (1996). Thus, the EEOC is obliged to pay witness fees to the Laidlaw employees whose testimony it seeks as part of its investigation only to the extent that it would have to pay similar fees if it were a party to a proceeding in federal court. As the Federal Rules of Civil Procedure govern civil actions in federal court, and Rule 45 governs subpoenas, the provisions of Rule 45 guide our considerations in this subpoena enforcement action.[4] Rule 45 states in pertinent part:

**(b) Service.** * * *

(1) ... Service of a subpoena ... shall be made by delivering a copy thereof ... and ... tendering ... the fees for one day's attendance and the mileage allowed by law. When the subpoena is issued on behalf of the United States or an officer or agency thereof, fees and mileage need not be tendered.

FED.R.CIV.P. 45(b)(1).

Laidlaw argues mightily that the second sentence quoted above, exempting federal agencies from paying witness fees, does not apply here, because: (a) this exemption only applies to proceedings in federal court, not investigations by an administrative agency; (b) if Rule 45 really exempted the EEOC entirely from paying witness fees, the federal regulations requiring witnesses who are subpoenaed by the EEOC to be paid "the same fees and mileage that are paid witnesses in the courts of the United States," *see* 29 C.F.R. § 1601.16(e), would be meaningless; and (c) the EEOC has not cited any case law discussing the application of this exemption to administrative investigations.

Laidlaw's first argument is self-contradictory and blatantly frivolous. Laidlaw itself argues that Rule 45 is applicable to the EEOC subpoenas at issue here, focusing on the portion of that rule generally requiring witness fees to be tendered upon service of a subpoena. Yet, Laidlaw argues that the very next portion of that same rule (which would exempt the EEOC from paying the fees) does not apply, without citing any authority whatsoever for such an inconsistent approach. We reject this approach without more ado.[5]

**4.** We decline the EEOC's invitation to treat the employees who have been subpoenaed here as agents of a party to litigation who are subject to production without witness fees via a Notice of Deposition under FED.R.CIV P. 30. The EEOC has provided no factual or legal support for applying Rule 30 in the context of an administrative investigation.

**5.** We note that the introductory paragraph to the Advisory Committee Note on Rule 45 states that:

■ Laidlaw's second argument—that the federal regulations requiring witnesses subpoenaed by the EEOC to be paid "the same fees and mileage" as witnesses in the federal courts is meaningless if the EEOC does not have to pay witnesses in federal court anything at all—is at least more logical, although it too is lacking in any case support. Laidlaw appears to be referring implicitly to the canon of statutory construction that requires courts to read statutes or regulations so as "to give effect, if possible, to every clause and word" of a statute or statutory scheme. *United States v. Menasche*, 348 U.S. 528, 538–39, 75 S.Ct. 513, 519–20, 99 L.Ed. 615 (1955) (internal quotation marks omitted). Thus, statutes or regulations should be interpreted so as not to render any portion "mere surplusage" when they are read together. *See generally United States v. Wagner*, 29 F.3d 264, 266 (7th Cir.1994). Here, however, 29 U.S.C. § 161(4) and 29 C.F.R. § 1601.16(e) need not be seen as mere surplusage if Rule 45 is interpreted to exempt the EEOC from tendering witness fees: they may serve the valuable purpose of ensuring that the EEOC's obligation to pay fees remains consistent with the general rules governing federal actions. In the event that Rule 45 were amended to eliminate the exemption for federal agencies, 29 U.S.C. § 161(4) and 29 C.F.R. § 1601.16(e) would ensure that the EEOC's own procedures reflect that change without the necessity for enactment of new procedures. As all of these can be read together without rendering any of them mere surplusage, we reject Laidlaw's second argument.

Laidlaw's final argument is that the EEOC is unable to point to any case law directly discussing the application of the Rule 45(b)(1) fee exemption for federal agencies to administrative investigations under § 161. Laidlaw's argument is correct.[6] Unfortunately for Laidlaw, it is in the same boat. The only case cited by Laidlaw as support for its witness fees arguments is *Vokas Provision Co. v. NLRB*, 796 F.2d 864 (6th Cir.1986), in which the court held that an employer did not violate the National Labor Relations Act when it refused to allow six employees to attend a NLRB hearing during working hours, where the employees had not been subpoenaed but had been told that subpoenas would be issued for them when they arrived at the place of the hearing. In that case, however, the issue of witness fees for the subpoenas was not before the court; there is no indication in that opinion that witness fees had not in fact been tendered. Rather, *Vokas* involves the issue of whether "a person's reasonable belief that he or she is under a duty to obey an issued but unserved subpoena" is a valid substitute for a properly served subpoena in triggering the protections of the Act. *See id.* at 875–76.

There is another key distinction between this case and *Vokas*. The portion of *Vokas* which generally discusses the necessity of tendering subpoena witness fees (and the cases cited therein) concerns only subpoenas issued on behalf of *non*-governmental parties to Board proceedings, not subpoenas issued on behalf of the Board itself. *See, e.g., O.K. Machine & Tool Corp. v. Garcia*, 279

---

"This rule applies only to subpoenas ad testificandum and duces tecum issued by the district courts for attendance at a hearing or trial, or to take depositions. It does not apply to the enforcement of subpoenas issued by administrative officers and commissions pursuant to statutory authority. The enforcement of such subpoenas by the district courts is regulated by appropriate statutes." Fed.R.Civ.P. 45, Advisory Committee Note, 1937 Adoption. The impact of this comment on the issue at hand is unclear, especially where the subpoenas are issued pursuant to a statute (29 U.S.C. § 161) that has been interpreted as incorporating the Federal Rules of Civil Procedure by reference. We find no authority to support Laidlaw's argument that this comment refers only to subsection (e) of Rule 45, however; the express language of the comment rather appears to refer to the whole rule (e.g., "This *rule* applies . . .").

6. The closest the EEOC comes to a case dealing with the obligation of the EEOC to pay witness fees for subpoenas issued during an investigation is its cite to *EEOC v. Bay Shipbuilding Corp.*, 668 F.2d 304 (7th Cir.1981), in which the Seventh Circuit affirmed the enforcement of a subpoena that an employer had sought to revoke on the grounds that, *inter alia*, the subpoena was invalid "for failure to attach witness and other fees." *Id.* at 316. The issue of witness fees does not appear to have been properly raised in that case, however, as the subpoena at issue there was a subpoena for the production of documents only, so no fees would have been required under the Federal Rules of Civil Procedure.

N.L.R.B. 474, 1986 WL 53791 at *10 (1986) (former employee subpoenaed by the *employer* was not required to appear where witness fees and mileage were not tendered); *Rolligon Corp.*, 254 N.L.R.B. 22, 1981. WL 20092 at *2 (1981) (employer did not interfere with Section 7 rights of employees by telling them that they did not have to comply with subpoenas issued by *union* that were patently defective for failure to include witness fees and mileage). Thus, these cases do not address the obligation of governmental agencies to tender witness fees under Rule 45 when issuing subpoenas on their own behalf.

Moreover, we note that the authority to issue subpoenas is different for the two agencies. The provision setting out the subpoena powers of the NLRB makes it clear that it is the parties appearing before the Board, not the Board itself, on whose behalf subpoenas generally are issued. *See* 29 C.F.R. § 102.31(a) ("Any member of the Board shall, on the written application of any party, forthwith issue subpoenas...."); *but see id.* § 102.31(c) (allowing the Board to subpoena its own witnesses in special circumstances, with the approval of the U.S. Attorney General). When the subpoena is issued on behalf of a private party, as with most NLRB subpoenas, the Rule 45 exemption for federal agencies would not apply. By contrast, the comparable regulation for EEOC investigations clearly contemplates that the EEOC's subpoena powers are intended to be exercised solely on its own behalf. *See* 29 C.F.R. § 1601.16(a) ("Neither the person claiming to have been aggrieved, the person filing a charge on behalf of such person nor the respondent shall have the right to demand that a subpoena be issued."). Thus, the Rule 45 fee exemption would apply to EEOC subpoenas issued during investigations.

■ In summary, after examining the support advanced by Laidlaw, we conclude that Laidlaw has not met its burden of showing that it is likely to succeed on the merits of its appeal. To the contrary, the plain language of Rule 45 supports the EEOC's

arguments that it need not tender witness fees with its subpoenas. It is a "familiar canon of statutory construction that the starting point for interpreting a statute is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). We find that Laidlaw has shown no likelihood of success on the merits.

■ As noted above, where an applicant for a stay has demonstrated no likelihood of success on the merits, the stay should not be entered regardless of the balance of harms. *See Mil–Mar Shoe, Inc.*, 75 F.3d at 1156. Accordingly, we do not reach the balance of harms here. We note for the record, however, the Court's disagreement with Laidlaw's arguments that the EEOC would be harmed little if Laidlaw's strenuous efforts to delay its investigation further were successful, and that the public has a greater interest in protecting Laidlaw's right to receive witness fees in advance[7] than in the EEOC's ability to investigate a charge of discrimination in a timely manner. As this Court noted during the oral argument held to resolve these issues almost two months ago,

> I just cannot believe that Laidlaw is being well served by taking this position at all because if you do have a defense on the merits to this allegation, which it certainly seems that you do ... it would seem to me that the better position would be to comply fully with the request and to present that defense to the EEOC, as opposed to putting up all of these layers of defenses that give the EEOC the impression that there is something that you're trying to conceal from that agency.

June 27, 1996 Transcript of Proceedings at 26. We also find relevant the statements of Judge Evans, commenting on an employer's disproportionate and futile efforts in response to an EEOC subpoena in his opinion below in *Bay*:

---

7. The EEOC has indicated some potential openness to paying fees once Laidlaw's witnesses have appeared and testified. *See* EEOC's Cross–

Mem. in Opp. to the Payment of Witness Fees at 7–8.

[T]he EEOC may only investigate, not convict. Information is sought to determine the truth of charges of employment discrimination. This quest resembles the discovery process, and should be given the broad scope intended for it.

*EEOC v. Bay Shipbuilding Corp.,* No. 80–C–591, 1981 WL 129 at *5 (E.D.Wis. Feb. 12, 1981) (citing *Motorola, Inc. v. McLain,* 484 F.2d 1339, 1343 (7th Cir.1973), *cert. denied,* 416 US. 936, 94 S.Ct. 1935, 40 L.Ed.2d 287 (1974)). Finally, the Seventh Circuit has noted, in the context of a summons enforcement proceeding by the IRS where the respondent taxpayer argued that the summons could not be enforced against him because no witness fees or mileage were tendered, that "a claim for witness fees does not insulate [a] respondent from process." *United States v. Awerkamp,* 497 F.2d 832, 837 (7th Cir.1974).

## CONCLUSION

For all of the foregoing reasons, defendant Laidlaw's motion for a stay pending appeal is denied.