809 F.2d 1403
 1987 A.M.C. 1587
 In re M/V PEACOCK, on the Complaint of Oskco EDWARDS, Harry
M. Tompkins, and Fair Field Industries.
Tracy MAUDLIN, Plaintiff,
v.
M/V PEACOCK, on the Complaint of Oskco EDWARDS, Harry M.
Tompkins, and Fair Field Industries, Defendants-Appellees,
v.
Dianne CRAIG, Claimant-Appellant.
 No. 86-1501.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 10, 1986.
Decided Feb. 9, 1987.
 
 John E. Droeger, San Francisco, Cal., for claimant-appellant.
 Graydon S. Staring, San Francisco, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of California.
 Before KENNEDY, TANG and THOMPSON, Circuit Judges.
 KENNEDY, Circuit Judge:
 
 
 1
 We visit again a case that was before us earlier on appeal from a judgment on the merits. Craig v. M/V PEACOCK on Complaint of Edwards, 760 F.2d 953 (9th Cir.1985). Appellant Dianne Craig challenges the magistrate's order denying her motion for relief from judgment under Rule 60(b)(3) of the Federal Rules of Civil Procedure. We affirm.
 
 
 2
 This action arises out of the death of Craig's husband, Larry Lewis, who was lost at sea on December 23, 1979, after falling overboard from the PEACOCK, a vessel engaged in seismographic oil exploration off the coast of California. The PEACOCK was owned by appellees Oskco Edwards and Harry Tompkins (the Shipowners). In April of 1980, Craig brought an action against the Shipowners in the Southern District of Texas. The locus of the action shifted to the Northern District of California after the Shipowners, in June 1980, filed a petition for exoneration from or limitation of liability under 46 U.S.C. Secs. 185-86.
 
 
 3
 The case was heard before a magistrate on October 18, 1982. The principal issue at trial was whether or not Lewis, a seismographic technician, was a seaman entitled to special duties of care from the Shipowners. The parties litigated with great vigor the question of the effect of the Oceanographic Research Vessels Act (ORVA), 46 U.S.C. Sec. 441-44, on Lewis' possible status as a seaman. The magistrate ruled in favor of the Shipowners, and Craig appealed. By a divided decision, we upheld the magistrate's decision that Lewis was not a seaman, but was instead a member of the scientific personnel aboard the PEACOCK, and was therefore not entitled to the heightened standard of care available to seamen. 760 F.2d at 956.
 
 
 4
 Throughout the proceeding, the parties and magistrate assumed that the PEACOCK was an oceanographic research vessel under the provisions of ORVA, and that it had complied with ORVA's formal registration requirements. The Shipowners made representations regarding the PEACOCK's ORVA registration in their trial brief, filed on June 21, 1982; in their post-trial brief of February 14, 1983; and in their reply brief of March 28, 1983. In October of 1983, Craig's counsel encountered a Coast Guard official who commented that the PEACOCK might not have been formally registered as an "oceanographic research vessel" under ORVA. After contacting various Coast Guard offices, Craig's attorney determined that there was no evidence of the PEACOCK's ORVA registration and thus the applicability of ORVA to the case was called into question. It appears in fact the PEACOCK had not complied with ORVA's registration requirements. Craig sought relief from the magistrate's judgment on the ground that the PEACOCK's ORVA status was essential to the judgment because ORVA limited the applicability of certain Coast Guard regulations which might have entitled Craig to relief. The magistrate declined to hear Craig's motion pending the outcome of Craig's appeal.
 
 
 5
 We held that the magistrate's disposition of Craig's motion under Rule 60(b) was interlocutory in nature and therefore not appealable. 760 F.2d at 955 n. 1. We then stated, in the majority opinion:
 
 
 6
 [Craig's] challenge to the seaworthiness finding asserts error in the magistrate's finding of compliance with Coast Guard regulations on the basis of a distinction between ORVA vessels and non-ORVA vessels. The issues raised by this contention are relevant to the Rule 60(b) motion; consequently, arguments in support thereof are not properly before the court for decision at this time although they may still be raised in the district court.
 
 
 7
 Id. at 956. Craig's Rule 60(b) motion was referred back to the trial court, and after due consideration, it was denied.
 
 
 8
 We review the denial of a motion under Rule 60(b) for abuse of discretion. Lafarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1338 (9th Cir.1986); Hoptowit v. Spellman, 753 F.2d 779, 782-83 (9th Cir.1985).
 
 
 9
 Craig presses her appeal solely under Rule 60(b)(3), which states that the court may relieve a party of a final judgment by reason of "fraud ..., misrepresentation, or other misconduct of an adverse party." Fed.R.Civ.P. 60(b)(3). To prevail under the cited portion of the Rule, the moving party must establish that a judgment was obtained by fraud, misrepresentation, or misconduct, and that the conduct complained of prevented the moving party from fully and fairly presenting the case. Lafarge, 791 F.2d at 1338; Bunch v. United States, 680 F.2d 1271, 1283 (9th Cir.1982). The rule is aimed at judgments which were unfairly obtained, not at those which are factually incorrect. Rozier v. Ford Motor Co., 573 F.2d 1332, 1339 (5th Cir.1978).
 
 
 10
 We hold that Craig has failed to meet this standard because she has not shown that the Shipowners' misrepresentations, made after Craig had almost two years to prepare her case, prevented her from discovering the PEACOCK's true status under ORVA or from presenting her case.
 
 
 11
 The ORVA status of the PEACOCK was an important issue from the beginning of the litigation. As appellant now sees the case, ORVA prevented her from any recovery, for vessels registered under that Act need not, or arguably need not, comply with certain Coast Guard regulations. It was critical for Craig to find out whether the PEACOCK was registered under ORVA. That information was not in the exclusive control of the Shipowners. Craig's counsel could have found out that the PEACOCK was not registered under ORVA, and indeed eventually did find this out, by investigating the matter with the Coast Guard.
 
 
 12
 The litigation commenced in the Northern District of California in June 1980. The Shipowners' trial brief, which contained the first of the misrepresentations about the PEACOCK's ORVA status, was not filed until June 1982. So for two years Craig's counsel had an incentive to find out about the PEACOCK's ORVA status, had access to the necessary information, and was not laboring under a misimpression that possibly could have been created by the conduct of the Shipowners or their counsel. In these circumstances, we cannot say that the Shipowners' misrepresentations, negligent as they may have been, prevented Craig from fully and fairly presenting her case.
 
 
 13
 What appears to have happened here was that both parties mistakenly assumed that the PEACOCK was an ORVA vessel because it was fitted to perform, and did perform, seismographic research functions normally associated with an ORVA vessel. Rule 60(b)(1) permits relief from judgment because of "mistake, inadvertence, surprise, or excusable neglect," but that rule requires the moving party to justify its actions, see, e.g., In re Burley, 738 F.2d 981, 988 (9th Cir.1984), or to show that its mistake was unexpected and unavoidable rather than careless. See, e.g., Federal's, Inc. v. Edmonton Investment Co., 404 F.Supp. 68, 73 (E.D.Mich.1975), aff'd, 555 F.2d 577 (6th Cir.1977). Craig's decision not to seek relief under this provision was undoubtedly based on the difficulties she would encounter from these requirements.
 
 
 14
 When a motion under Rule 60(b)(3) is based on negligent misrepresentation, it is important that the moving party be required to demonstrate that the misrepresentation prevented it from presenting its case. This eliminates any discontinuity between Rule 60(b)(1) and Rule 60(b)(3). If the rule were otherwise, then a mutual mistake would ordinarily be evaluated under the stringent requirements of Rule 60(b)(1), whereas Rule 60(b)(3) would provide an easy route to post-judgment relief where one of the mistaken parties happens to memorialize the mistake in writing or repeat it orally to the other.
 
 
 15
 Although the requirement of a causal nexus between one party's misrepresentation and the other party's inability to prepare the case is particularly crucial in the context of negligently-made misrepresentations arising out of a mutual mistake, we think a different case would be presented if the Shipowners' misrepresentations had been made with the intent to deceive Craig or her counsel.
 
 
 16
 The magistrate's decision is AFFIRMED.