John BABIGIAN, Plaintiff,

v.

The ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, John Bonomi, Eleanor Piel, "Nervous Nellie" Doe, "Horny Helen" Doe, Robert McGuire, Patrick Wall, Martin Fogelman, Powell Pierpoint, Nina Cameron, Francis T. Murphy, individually and as Chief Justice of the Appellate Division of the State of New York; First Department, Appellate Division of the State of New York; First Department, Michael Gentile, as Chief Counsel of the Departmental Disciplinary Committee of the Appellate Division: First Department, Harold J. Reynolds, Clerk of the Appellate Division: First Department, The Florida Bar, Norman Faulkner, E. Earle Zehmer, Adlai Hardin, Jr., Joseph W. Bellacosa, Richard W. Wallach, Stephen Kaye, Jeffrey K. Brinck, Alvin Schulman, Seth Rosner, Jonathan H. Churchill, James R. Hawkins, William J. Manning, Meredith M. Brown, Robert D. Sack, Frederick C. Carver, Defendants.

No. 88 Civ. 1123 (JMC).

United States District Court,
S.D. New York.

July 6, 1992.

John Babigian, New York City, pro se.

Thomas J. Schwarz, Jay S. Berke, Rosalie B. Shields, Skadden, Arps, Slate, Meagher & Flom, New York City, for defendants Association of the Bar of the City of New York, Joseph W. Bellacosa, Richard D. Wallach, John Bonomi, Eleanor Piel, Stanley Arkin, William Hellerstein, Robert McGuire, Patrick Wall, Martin Fogelman, and Nina Cameron.

James M. Davis, Owen & Davis, New York City, for defendants Powell Pierpoint, Adlai Hardin, Jr., Stephen Kaye, Jeffrey Brinck, Alvin Schulman, Seth Rosner, Jonathan H. Churchill, William J. Manning, Meredith M. Brown, Robert D. Sack and Frederick C. Carver.

Karen Brutton, Asst. Atty. Gen., State of N.Y., Dep't of Law, New York City, for defendants Francis T. Murphy, Appellate Division of the State of New York, First Dept., Michael Gentile and Harold J. Reynolds.

Barry Richard, Roberts, Baggett, LaFace & Richard, Tallahassee, Fla., for defendants The Florida Bar, Norman Faulkner and E. Carle Zehmer of New York.

## MEMORANDUM AND ORDER

CANNELLA, District Judge.

Plaintiff's motion for relief from final judgment under Rule 60(b) of the Federal Rules of Civil Procedure is denied. Fed. R.Civ.P. 60(b). Defendants' motions for reasonable attorney's fees and/or costs is denied. Fed.R.Civ.P. 11.

## BACKGROUND

On January 11, 1990, the Court granted defendants' motions to dismiss plaintiff's complaint and supplemental complaint. *See Babigian v. Association of the Bar of the City of New York*, 744 F.Supp. 47 (S.D.N.Y.), *aff'd*, 912 F.2d 462 (2d Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 581, 112 L.Ed.2d 586 (1990). A judgment was

**32**

then issued dismissing the complaints. *See* Judgment, 744 F.Supp. 47 (S.D.N.Y.1990). Complete familiarity with the underlying facts is assumed and will only be repeated as is necessary.

The Court dismissed plaintiff's federal and pendent state law claims on the ground that they were barred by the applicable statute of limitations. *See Babigian*, 744 F.Supp. at 52. In addition, the Court observed that there were several alternate theories which also warranted dismissal of plaintiff's claims. *See id.* at 52 n. 3. Plaintiff now moves under Rule 60(b) of the Federal Rules of Civil Procedure to set aside the judgment dismissing the complaint and supplemental complaint. Defendants seek attorney's fees and/or costs in connection with the motion.

## DISCUSSION

■ Rule 60(b)(3) of the Federal Rules of Civil Procedure authorizes the court to relieve a party from a final judgment due to "fraud, ... misrepresentation, or other misconduct of an adverse party." Fed. R.Civ.P. 60(b). Rule 60(b)(3) requires the moving party to establish that "a judgment was obtained by fraud, misrepresentation, or misconduct, and that the conduct complained of prevented the moving party from fully and fairly presenting the case." *In re M/V Peacock on Complaint of Edwards*, 809 F.2d 1403, 1405, (9th Cir.1987); *accord Ervin v. Wilkinson*, 701 F.2d 59, 61 (7th Cir.1983). The rule is "aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *In re M/V Peacock*, 809 F.2d at 1405. Thus, the rule cannot be used to relitigate the merits of the case. *See Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir.1989). Finally, the moving party has the burden of establishing material misrepresentations by clear and convincing evidence. *See id.*

■ Plaintiff seeks to set aside the judgment based on the alleged fraud and misconduct of the defendants, this Court and the Second Circuit panel which affirmed the order dismissing plaintiff's complaints. First, plaintiff contends that defendant Florida Bar and the Bar Association defendants [1] engaged in fraud, because their motion papers for dismissal of the complaints raised arguments that were without merit and they misrepresented plaintiff's arguments. Plaintiff's mere disagreement with his adversaries' legal arguments is plainly insufficient to justify even an inference of fraud. Moreover, plaintiff does not claim that defendants made any misrepresentations that prohibited plaintiff from presenting his arguments. Plaintiff had full opportunity to address defendants' contentions in his opposition papers. Thus, these allegations of fraud are clearly insufficient to establish entitlement to relief under Rule 60(b).

■ Plaintiff next claims that the Court engaged in fraudulent conduct. First, plaintiff asserts that the Court wrongly "adopted" portions of defendants' moving papers and that the Court wrongly dismissed the complaints. A finding by the Court in defendants' favor fails to suggest that the Court engaged in fraud or misconduct. Plaintiff's argument is merely an inappropriate attempt to reargue the merits of the underlying action.

■ Plaintiff also alleges that the Court was biased because the Court was a former law partner and friend of the late Judge Paul Rao, Sr., who is the father of defendant Nina Cameron. This contention was raised and rejected by both the Second Circuit and the Supreme Court. In any event, the allegation is insufficient to raise even a hint of partiality or bias. There is

1. The Bar Association Defendants are as follows: the Association of the Bar of the City of New York, former General Counsel to the Committee on Grievances of the Association of the Bar of the City of New York, Robert McGuire, Patrick Wall, Adlai Hardin, Jr., Joseph Bellacosa, Richard W. Wallach, Stephen Kaye, Jeffrey K. Brinck, Alvin Schulman, Seth Rosner, Jonathan H. Churchill, William J. Manning, Meredith M. Brown, Robert D. Sack and Frederick C. Carver, former members of the Committee on Professional Ethics of the Association of the Bar, and Stanley Arkin, William Hellerstein, Powell Pierpoint, Martin Fogelman, Robert McGuire, Eleanor Piel, Patrick Wall and Nina Cameron, former members of the Committee on Grievances of the Association of the Bar.

no basis for disqualification simply "because defendants are related to members of ... [the court's] former law firms." *Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157, 1167 (5th Cir. 1982), *cert. denied*, 464 U.S. 814, 104 S.Ct. 69, 78 L.Ed.2d 83 (1983). In this situation, "the connection [is] ... too remote to justify recusal." *Id.*

■ Next, plaintiff claims that the Second Circuit panel which affirmed the order dismissing the complaints acted in bad faith. In support of his assertion, plaintiff alleges that the panel was annoyed and angry during oral argument. Plaintiff also relies on the panel's issuance of its decision a day after oral argument. Contrary to plaintiff's contention, these allegations fail to establish fraud or misconduct. In any event, it is wholly improper for plaintiff to seek relief from the Second Circuit's decision before this Court. Moreover, plaintiff previously raised this argument in his petition for a writ of certiorari before the Supreme Court, which was denied.

■ Finally, relief under Rule 60(b) is "not to be granted unless the movant can demonstrate a meritorious claim." *Lepkowski v. United States Dep't of Treasury*, 804 F.2d 1310, 1314 (D.C.Cir.1986). Since plaintiff's claims are barred by the applicable statute of limitations, relief under Rule 60(b) must be denied. *See id.*

In sum, plaintiff's charges of fraud completely fail to indicate that he was prevented by fraud or misconduct from fully and fairly presenting his claims. Plaintiff's additional arguments concerning the merits of his underlying claims are plainly inappropriate, as a motion under Rule 60(b)(3) cannot be used to relitigate the merits of the action. Accordingly, plaintiff's motion to set aside the judgment dismissing his claims is denied. Fed.R.Civ.P. 60(b).

■ The Florida Bar seeks attorney's fees in opposing plaintiff's motion and the Bar Association defendants seek to recover their costs in connection with the motion. Rule 11 of the Federal Rules of Civil Procedure, provides in pertinent part:

The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass, or to cause unnecessary delay or needless increase in the cost of litigation.

Fed.R.Civ.P. 11. Rule 11 is violated when it is "patently clear that a claim has absolutely no chance of success." *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir.1985). In determining whether sanctions are warranted, the Court must resolve all doubts in favor of the signer. *See Oliveri v. Thompson*, 803 F.2d 1265, 1278 (2d Cir.1986), *cert. denied sub nom. County of Suffolk v. Graseck*, 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987).

■ Rule 11 imposes an objective standard on the signer; a good faith belief that the paper was valid will not shield the signer from sanctions. Sanctions are warranted if, objectively, the signer could not have reasonably believed the validity of the assertions contained therein. *See Oliveri*, 803 F.2d at 1278. It is well-established that Rule 11 applies to pro se litigants. *See Yosef v. Passamaquoddy Tribe*, 876 F.2d 283, 287 (2d Cir.1989), *cert. denied*, 494 U.S. 1028, 110 S.Ct. 1474, 108 L.Ed.2d 611 (1990). Pro se plaintiffs, however, are "held to a lower standard of accountability than attorneys, at least in respect of conducting a reasonably objective inquiry into the legal basis for the claim." *Goquiolay v. Philippines Nat'l Bank*, 90 Civ. 893 (CSH), slip op. at 5, 1990 WL 144118 (S.D.N.Y. Sept. 28, 1990).

■ While in the Court's view, plaintiff sincerely believed that his arguments were well grounded in fact and warranted by existing law, plaintiff has completely ignored the legal standards governing relief under Rule 60(b). Moreover, the basis for

plaintiff's allegations of fraud are illogical and many of his accusations are bizarre and irrational. Nevertheless, sanctions in this case are not warranted given plaintiff's pro se status.

It is readily apparent that plaintiff asserted that this Court, the Second Circuit panel and the defendants had engaged in fraud in order to relitigate the merits of the action. Although Rule 60(b)(3) provides that fraud by an adverse party may warrant relieving a party from a final judgment, the rule does not expressly state that it may not be used to relitigate the merits of the action. In addition, the rule does not expressly state that the fraud must be established by clear and convincing evidence or that the fraud must be such that it prevented the moving party from fully and fairly presenting his case. Thus, unlike the federal government's authority to tax citizens' income, which should be apparent to a reasonable pro se litigant, *see Scheuer v. Internal Revenue Serv.*, 88 Civ. 364E (JTC), 1989 WL 75137 (W.D.N.Y. June 30, 1989), the intricacies of Rule 60(b) are not obvious. Moreover, the Court refuses to hold this plaintiff to the higher standard of a reasonably competent attorney given the nature of plaintiff's papers. Accordingly, defendants' applications for attorney's fees and/or costs is denied. Fed.R.Civ.P. 11.

### CONCLUSION

Plaintiff's motion for relief from final judgment under Rule 60(b) of the Federal Rules of Civil Procedure is denied. Fed. R.Civ.P. 60(b). Defendants' motions for reasonable attorney's fees and/or costs is denied. Fed.R.Civ.P. 11.

SO ORDERED.