116 F.3d 482
 80 A.F.T.R.2d 97-5129, 97-2 USTC P 50,528
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re: Nancy ANDERSON, dba Anderson & Anderson Chiropractic, Debtor,
Nancy ANDERSON, Appellant,
v.
UNITED STATES INTERNAL REVEUNE SERVICE, Appellee.
 No. 95-35226.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted January 7, 1997
June 19, 1997.
 
 1
 Appeal from the United States District Court for the Western District of Washington, No. C94-10582 WLD; William L. Dwyer, District Judge, Presiding. Seattle, Washington
 
 
 2
 Before: CANBY and TASHIMA, Circuit Judges, and SILVER,** District Judge.
 
 
 3
 MEMORANDUM*
 
 I.
 
 4
 The Debtor, Nancy Anderson, and her former husband, Duane L. Anderson, filed joint income tax returns for the years 1987 and 1988. They reported gross receipts of $521,894 for 1987 and $521,194 for 1988 from the operation of the Anderson & Anderson Chiropractic Clinic. After charitable and other itemized deductions, they reported a taxable income for 1987 and 1988 of $59,539 and $29,722, respectively. Included in the amounts that the Andersons deducted on their joint returns were $101,343 and $84,115 paid to the Church of Scientology in 1987 and 1988, respectively. Of this amount, the Andersons claimed in 1987 $92,309 as a business expense and $9,034 as a charitable contribution. For 1988, the Andersons claimed $81,964 as a business expense and $2,151 as a charitable contribution. For both years, the IRS audited the deductions claimed "for costs of goods sold and charitable contributions attributable to seminars, training, books, materials, operational methods and other items arising out of the ... [Andersons'] involvement with the Church of Scientology." The Andersons did not produce documentation and a deficiency was issued for taxes on April 7, 1991.
 
 
 5
 On April 16, 1991, the Debtor filed for relief under Chapter 11. The IRS filed a proof of claim for $420,225.70 as well as a liability for unpaid employment taxes which are not at issue on this appeal. After the Debtor filed an objection and considerable negotiations occurred, on April 14, 1993, counsel for the Debtor sent a letter to the IRS submitting an offer to compromise the case with the Government. The final agreement reached was that the Debtor would withdraw her objection to the IRS claim with prejudice if the IRS would amend its proof of claim to allow all of the deductions claimed by the Andersons on their original returns except for the Scientology deductions. The offer stated that "these adjustments to the claim of the IRS reflect the parties' agreement, that pursuant to the position of the IRS, Church of Scientology deductions claimed by Nancy Anderson on her 1987 and 1988 tax returns are disallowed in their entirety." The offer was accepted by the IRS the same day. The IRS then filed an amended, reduced proof of claim of $268,737, a stipulation between the parties was signed on July 21, 1993, and on August 13, 1993, the bankruptcy court entered an order allowing the IRS's amended claim. No appeal was taken from the order.
 
 
 6
 Two weeks after the stipulation was signed, the IRS entered into a settlement with the Church of Scientology in which it recognized many of the Church of Scientology's organizations as tax exempt including the one to which the Debtor allegedly made charitable contributions and claimed business deductions. Letter rulings were issued by the IRS in October 1993 and in November the IRS issued a Revenue Ruling which provided that a previous Ruling which denied the Church tax-exempt status was "obsolete."
 
 
 7
 On August 12, 1994, the Debtor filed a motion to vacate the bankruptcy order of August 13, 1993 because of a "change in the law" due to the IRS settlement with the Church of Scientology. The Debtor claimed, under Fed.R.Civ.P. 60(b)(3), fraud or misrepresentation, and pursuant to Fed.R.Civ.P. 60(b)(6), that the change in IRS law with regard to the deductibility of contributions to the Scientology churches was an extraordinary circumstance justifying relief. The bankruptcy court issued a formal order denying the Debtor's motion to vacate. The matter was appealed to the district court and that court found no abuse of discretion. The Debtor filed a timely notice of appeal and this Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(d).
 
 II.
 Standard of Review
 
 8
 We stand in the same position as did the district court in reviewing the bankruptcy court's order. In re Center Wholesale, Inc., 759 F.2d 1440, 1445 (9th Cir.1985). We review the bankruptcy court's conclusions of law de novo, and its factual findings for clear error. In re Pizza of Hawaii, Inc., 761 F.2d 1374, 1377 (9th Cir.1985). We review for abuse of discretion the bankruptcy court's determination of whether or not to grant reconsideration under Federal Rules of Civil Procedure 60(b)(3) and (6). In re M/V Peacock on Complaint of Edwards, 809 F.2d 1403, 1404 (9th Cir.1987); In re Pacific Far East Lines, Inc., 889 F.2d 242, 245 (9th Cir.1989).
 
 III.
 
 9
 We need not resolve whether the Debtor should prevail pursuant to Fed.R.Civ.P. 60(b)(3) and (6) because the record does not establish that the Debtor is entitled to any of the claimed deductions. First, the tax-exempt status of the Church of Scientology is not applicable to the business deductions. Instead, to be deductible, the Debtor was required to demonstrate that the expenses were incurred in carrying on a trade or business. I.R.C. § 162(a); Commissioner v. Tellier, 383 U.S. 687,688 (1966). The record indicates that the Government was consistent in claiming that the payments to the Church of Scientology did not constitute "ordinary and necessary" business expenses of the business. Second, the IRS consistently claimed that the much-smaller alleged charitable contributions did not qualify because the Debtor was given course materials and seminars in return for the contributions. In Hernandez v. Commissioner, 490 U.S. 680, 695 (1989), the Supreme Court disallowed deductions for payments made to a unit of the Church of Scientology which had already been recognized as tax-exempt, holding that to the extent that the donor deceived a valuable benefit in return for the money paid, there was a quid pro quo and no charitable "gift" was made.
 
 
 10
 The Appellant does not dispute that she originally claimed the large deductions as business expenses and that course materials and seminars were given in return for the smaller alleged charitable contributions. Instead, Appellant attempts to escape these facts by arguing in her Reply brief that the taxpayer can take advantage of the IRS' alleged change in position because 1040-X amended tax returns were filed for 1987 and 1988. The Appellant relies on the Internal Revenue Tax Code which provides in part: "Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later...."
 
 
 11
 The Appellant, however, has failed to establish in the record that she filed amended returns properly converting the original substantial business deductions and the disallowed charitable deductions to charitable deductions which would now be allowed by the IRS because of the settlement with the Church of Scientology. She claims in her Reply brief that "Dr. Anderson has filed amended tax returns ... to reflect the reclassification of her contributions to the Church as charitable contributions." (Reply Brief at 14-15) (emphasis added). The Appellant continued that "[t]he IRS' own division, Special Procedures, instructed Dr. Anderson on the method of amending her returns to take advantage of the IRS' change in position.... " (Reply Brief at 15) (emphasis added). The record does not support these allegations. The Appellant cites to "ER-14 p 21" which is a stipulation regarding IRS claims and does not address the amended returns. Most likely the Appellant mistakenly cited the wrong excerpt of record and meant to cite to "ER-19 pp 19-21" which is an affidavit of the Appellant's attorney stating that the IRS contacted and informed her to file amended returns and that those returns were prepared and filed. This reference in the record does not support the sweeping factual allegations in the Reply brief. Significantly, the amended returns were not placed in the record.
 
 
 12
 What is more, at the hearing before the Bankruptcy Judge on the Motion to Set Aside the Judgment, Appellant's attorney did not furnish the court with any information or evidence supporting her position claimed on appeal that the amended returns would allow the deductions because of the IRS settlement with the Church of Scientology. She stated:
 
 
 13
 Moreover, Your Honor, the business expenses in the charitable contribution, it makes absolutely no difference how those were characterized in Dr. Anderson's original filings. As I understand it from her accountant 1040-Xs can be filed; those are amended returns which can characterize a deduction any way you choose to under the new law as it was promulgated. That's my understanding from the accountants. I've spoken to them at length.
 
 
 14
 (Rep.'s Tr. of Bankruptcy Hearing of 9/16/94 at 13.)
 
 
 15
 Ninth Circuit Rule 30-1.1, pertaining to excerpts of record, states in part:
 
 
 16
 The parties should ensure that in accordance with the limitations of Rule 30-1, those parts of the record necessary to permit an informed analysis of their positions are included in the excerpts.
 
 
 17
 Moreover, Ninth Circuit Rule 17-1.1, regarding excerpts of record on review of enforcement of agency orders, states in part:
 
 
 18
 The parties should ensure that ... those parts of the record necessary to permit an informed analysis of their positions are included in the excerpts.
 
 
 19
 See Jones v. Gomez, 66 F.3d 199, 205 n. 1 (9th Cir.1995) (affirming denial of habeas where, among other things, "[n]o relevant document" appeared in the excerpt of record) cert. denied, 116 S.Ct. 1437 (1996); United States v. Alonso, 48 F.3d 1536, 1544 (9th Cir.1995) (an issue given only "perfunctory treatment" in an appellant brief need not be considered).
 
 
 20
 The Appellant appears to have failed to create an adequate record below and plainly did not file excerpts of record necessary to resolution of the issue asserted by The Appellant on appeal. Finally, the issue was only given perfunctory treatment in the Appellant's Reply brief. The Appellant's response to the IRS' argument that settlement with the Church of Scientology would not apply to the deductions at issue is not supported by the record. Hence, based upon the record, the Court finds that settlement with the Church of Scientology would not affect the disallowed charitable and business deductions claimed by the Appellant in her original return.
 
 IV.
 
 21
 In order to obtain attorneys' fees and costs against the Government in a tax matter, the taxpayer, here the Debtor, must satisfy the requirements of I.R.C. § 7430, which requires a showing that she is a "prevailing party." She must establish that she "has substantially prevailed with respect to the most significant issue or set of issues presented ... " I.R.C. § 7430(c)(4)(A)(ii)(II) Here, the Debtor has failed on all issues.
 
 
 22
 AFFIRMED.
 
 
 
 **
 The Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3