**A&B STEEL SHEARING & PROCESSING, INC.,**
Plaintiff,

v.

**UNITED STATES of America, Defendant.**

Civil Action No. 95–40249.

United States District Court,
E.D. Michigan,
Southern Division.

July 11, 1997.

---

Julie D. Abear, Troy, MI, for Plaintiff.

John Lindquist, U.S. Department of Justice, Washington, DC, for Defendant.

### ORDER DENYING DEFENDANT'S MOTION TO VACATE ORDER GRANTING INJUNCTION PENDING APPEAL AND GRANTING DEFENDANT'S MOTION TO MODIFY INJUNCTION PENDING APPEAL

GADOLA, District Judge.

On or about July 11, 1995, Plaintiff A&B Steel Shearing & Processing Inc. was served with a notice of seizure by the Internal Revenue Service ("IRS") with respect, to certain real property located in Farmington Hills, Michigan. On July 21, 1996, plaintiff filed a complaint in this court to enjoin wrongful levy of that property. On or about November 13, 1995 this court upon stipulation of the parties, entered a preliminary injunction prohibiting the IRS from selling the subject property pending a ruling as to whether the government's levy was wrongful.

On April 8, 1996, plaintiff filed a motion for summary judgment. On June 10, 1996, defendant filed a cross–motion for summary judgment. In an opinion and order dated July 31, 1996, this court granted defendant's motion for summary judgment, denied plaintiff's motion for summary judgment and dismissed this action with prejudice. This court found that defendant's levy was not wrongful because the government had two valid liens on the property. First, this court found that the government had a general lien under 26 U.S.C. § 6321, from which plaintiff was not exempt. Second, this court found that the government had a lien under 26 U.S.C. § 6324, which was not divested by the plaintiff. At the time it dismissed the action, this court also dissolved the preliminary injunction, thereby allowing the government to levy, seize, or sell the subject property.

Plaintiff appealed this court's decision of July 31, 1996 to the United States Court of Appeals for the Sixth Circuit. On or about February 22, 1997, while the appeal was pending, plaintiff received notice of an auction of the subject property to be held on February 27, 1997.[1] Receipt of that notice by plaintiff precipitated its filing of an "Emergency Motion to Restore Injunction Pending Appeal" on February 25, 1997.

This court held a hearing on plaintiff's Emergency Motion to Restore Injunction Pending Appeal on February 26, 1997. At that hearing, no one appeared on behalf of the government to challenge plaintiff's emergency motion. Indeed, the government did not so much as file a response to that motion. At the hearing, this court inquired of plaintiff's counsel, Julie D. Abear, whether the

---

1. The notice was postmarked January 30, 1997.

government had been served with the emergency motion and also whether the government had been informed of the hearing. Ms. Abear responded affirmatively to these inquiries. On the day she filed the motion and brief, Ms. Abear sent a facsimile copy of them to an attorney for the government. Ms. Abear also spoke on the telephone with an attorney for the government about the motion and hearing.

As was explained to this court at the hearing and in plaintiff's pleadings, the reason that the Emergency Motion to Restore Injunction Pending Appeal was filed was because the plaintiff believed that it would be irreparably harmed if the property was sold at an auction *prior* to the time the appeal was decided. The property involved in this litigation is unique commercial real estate. Thus, if the Sixth Circuit ruled in favor of plaintiff on appeal *after* the property was sold, so plaintiff asserted, plaintiff would never truly be made whole by payment of proceeds from the sale of the property. Moreover, plaintiff asserted that it would be irreparably damaged because it was in the midst of settlement negotiations with the Sixth Circuit Senior Conference Attorney's Office regarding the subject property. If the subject property was sold, it would moot the entire negotiations process. In fact, it was plaintiff's understanding that the government would not proceed with any sale so long as such negotiations were continuing so as to not destroy the entire basis of the negotiations.[2] Based upon plaintiff's uncontested representations to this court, this, court granted plaintiff's motion for an injunction pending appeal pursuant to Federal Rule of Civil Procedure 62(c).

On April 28, 1997, the government filed the instant motion to vacate or modify this court's February 26, 1997 order granting the injunction pending appeal. The government contends that the injunction should be dissolved pursuant to Federal Rule of Civil Procedure 60(b)(3) because it was obtained by way of fraud and/or misrepresentation. In the alternative, the government argues that the injunction should be vacated because plaintiff has not shown that the equities weigh in favor of restoring an injunction pending appeal. Furthermore, the government contends that if the injunction is not vacated, the plaintiff should be required to post a supersedeas bond in the amount of $108,000, the amount of an outstanding written offer the government received for the property on August 14, 1996[3] plus 50% for the time value of money which may be lost pending plaintiff's appeal.[4] Pursuant to Local Rule 7.1(e)(2), this court has dispensed with oral argument and will decide the present motion based on the written submissions of the parties.

### Federal Rule of Civil Procedure 60(b)(3)

Federal Rule of Civil Procedure 60(b)(3) provides:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for.. fraud. (whether heretofore denominated intrinsic or extrinsic) misrepresentation, or other misconduct of an adverse party.

Relief under Rule 60(b)(3) is an extraordinary remedy, granted only in exceptional circumstances and therefore the party seeking such relief has the burden of establishing the misrepresentation and its impact by clear and convincing evidence. *Babigian v. Assoc. of the Bar of N.Y.C.*, 144 F.R.D. 30, 32 (S.D.N.Y.1992). Rule 60(b)(3) motions are viewed with disfavor and are addressed to the district court's discretion which will not be disturbed absent an abuse. *Rosebud*

2. Plaintiff also argued that it was inequitable for the government to give plaintiff a mere five days notice of the sale. Title 26, Section 6335(d) of the United States code provides that a sale of seized property shall not be held less than ten (10) days from the date of giving public notice of the sale. Plaintiff insisted that it should have received at least the same notice that is given the public regarding the sale.

3. On August 14, 1996, Maurice Janowitz made an offer to purchase the property for the sum of $71,728.00

4. The government also requests that the bond be made subject to being drawn down, upon application, for any expenses related to the maintenance and preservation of the property pending plaintiff's appeal.

*Sioux Tribe v. A & P Steel, Inc.,* 733 F.2d 509, 515 (8th Cir.), *cert. denied,* 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984).

The government contends that Rule 60(b)(3) provides grounds for vacating this court's February 26, 1997 order granting an injunction pending appeal. The government argues that plaintiff made an affirmative misrepresentation to this court that notice of the emergency motion and hearing had been given to the government when in fact no notice was furnished. The government insists that it would have responded to the emergency motion had notice been supplied to it.

█ This court finds that plaintiff made no affirmative misrepresentation to this court regarding the issue of notice. Plaintiff's counsel, Ms. Abear, *did* contact the government to inform it about the emergency motion. Specifically, Ms. Abear contacted attorneys Randolph H. Hutter and Karen Utiger of the Appellate Section of the United States Department of Justice, Tax Division. Ms. Abear was of the opinion that the attorneys she contacted to inform of the emergency motion and hearing were the attorneys who were handling all matters in this case on behalf of the government, including the matter of the injunction pending appeal. She was of the impression that individuals who previously represented the government in this action, such as John Lindquidst of the Civil Trial Section of the United States Department of Justice, were no longer involved in this case because she received a letter or about October 28, 1996 which read as follows: [5]

> We [Department of Justice] have received notice that the above–entitled case has been appealed to the Court of Appeals for the Sixth Circuit.
>
> Primary responsibility for representing the Government on appeal is now assigned to the Appellate Section of the Tax Division, Department of Justice. *Further correspondence, including, of course, your brief, should therefore be directed to this*

*office [Randolph H. Hutter] at the address shown above.* [6]

Ms. Abear also states that she believed that she had notified the appropriate government attorneys because she had a lengthy telephone conversation concerning the emergency motion on the day of the hearing regarding the same with Ms. Utiger, an attorney with the Appellate Section of the Department of Justice. Ms. Abear maintains that she was not told once during that phone call by Ms. Utiger that she was without authority to discuss the motion, or that plaintiff's counsel should contact another attorney, such as John Lindquidst, regarding the motion.

This court finds that no *intentional* misrepresentation was made when this court was assured by Ms. Abear that the government had received a copy of plaintiff's emergency motion and brief and notice of the hearing. Ms. Abear, consistent with what she related to this court on February 26, 1997, had given notice of the motion arid hearing to attorneys for the government, albeit the wrong attorneys for the government. Yet, Ms. Abear made, at most, an innocent mistake. She sincerely believed that she had provided sufficient notice to counsel for the government based upon past correspondence she received from and recent conversations she had with attorneys for the Appellate Section of the United States Department of Justice Tax Division. Since this court finds no odious behavior on part of the plaintiff and its counsel, Rule 60(b)(3) provides no basis for vacating the injunction pending appeal. A literal interpretation of Rule 60(b)(3) provides grounds for relief only when the non–moving party has committed some purposeful bad act. Here, there was no such repugnant conduct on the part of plaintiff, but just a plain and simple misunderstanding, and Rule 60(b)(3) is inapplicable.

### Federal Rule of Civil Procedure 62(c)

Although this court will not vacate the prior order pursuant to Rule 60(b)(3) on the

---

**5.** Plaintiff also received a notice stating that Randolph L. Hutter was "Lead Counsel" in this case.

**6.** The government points out in its brief that Karen Utiger replaced Randolph Hutter as the

attorney representing the government on appeal. On February 13, 1997, just days prior to the hearing, a letter was forwarded to plaintiff explaining this change.

basis of fraud, misrepresentation or other misconduct, this court will nevertheless reconsider its prior order restoring the injunction pending appeal under Federal Rule of Civil Procedure 62 now that it has the benefit of the government's arguments as to why such an injunction should not have been restored, which this court did not have at the time it restored the injunction.

Injunctions pending appeal are governed by Federal Rule of 62(c), which provides:

> When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as is considers proper for the security of the rights of the adverse party . . .

[7] This Rule enables a court to restore an injunction in order to maintain the status quo pending appeal. When faced with a motion for an injunction pending appeal under Rule 62(c), a court must engage in a balancing exercise, weighing the following four factors: (1) whether the movant will likely prevail on the merits of the appeal, (2) whether the movant will suffer irreparable injury if restoration of the injunction is denied, (3) whether other parties will be harmed by restoration, and (4) whether the public interest will be served by granting the restoration. *Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987); *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog,* 945 F.2d 150, 153 (6th Cir.1991); *Forry Inc. v. Neundorfer, Inc.,* 837 F.2d 259, 262 (6th Cir.1988).

In the case *sub judice,* the government contends that the above-referenced four elements do **not** weigh in favor of granting an injunction pending appeal. The government argues that plaintiff has made no showing that it is likely to succeed on appeal or that it will be irreparably injured absent the grant of an injunction. The government further contends that both it and the taxpayer's estate may be substantially injured pending an appeal if the value of the subject property declines. Furthermore, the government argues that the public interest lies in dissolving the injunction pending appeal in order to prevent the plaintiff here from continuing to engage in vexatious litigation.

■ Plaintiff claims that the balance weighs in favor of granting an injunction pending appeal. Plaintiff claims that the balance must tip in favor of granting an injunction pending appeal because previously, in November, 1995, this court issued a preliminary injunction after it weighed the same four factors it must now weigh again in deciding whether an injunction pending appeal should issue. Plaintiff's argument is not well taken. Plaintiff cannot simply refer this court back to its previous issuance of a preliminary injunction to show that an injunction pending appeal is warranted. This is because at the time the preliminary injunction was issued, this court did not engage in extensive weighing of the four factors which must now be weighed in assessing whether an injunction pending appeal should issue because the parties stipulated to the entry of such injunctive relief. In any event, even if extensive weighing was conducted by this court at the time it granted the preliminary injunction, that weighing would not necessarily result in the same outcome during the pendency of an appeal. To the contrary, an injunction pending appeal is an "extraordinary remedy" and plaintiff must satisfy this court that the balance weighs in favor of granting the injunction now, regardless of if they weighed in favor of granting a preliminary injunction previously.[8] *Roghan v. Block,* 590 F.Supp. 150 (1984). In fact, with respect the first element, the movant has a significantly heavier burden showing that such an element is present at the appeal stage than at the preliminary injunction

---

7. In the alternative the government contends that the order should be modified to require plaintiff to post a supersedeas bond pending appeal. This court did not require one because it found that the subject property is undeveloped and therefore, there was not concern of deterioration or maintenance before the appeal is concluded.

8. Actually, this court granted the preliminary injunction upon stipulation by both parties that such an injunction was necessary.

stage due to the fact that the court has issued a decision on the merits which denied the movant's requested relief. 941 F.Supp. 1478, 1481

■ This court has conducted an independent assessment of the four pertinent factors and finds an injunction pending appeal is warranted. As for the first factor, this court finds that it undeniably militates against granting an injunction pending appeal. Herein, the court remains convinced that its July 31, 1996 decision dismissing this case without prejudice was correct and that the decision will survive the rigors of appellate review.[9] Notwithstanding the fact that plaintiff has not made a strong showing a likelihood of success on appeal, this court will continue to discuss the remaining pre-requisites to determine if the remaining elements nevertheless tip the balance of the equities in favor of interim relief. "A number of courts have held that when equitable factors strongly favor interim relief, the court is not required to find that ultimate success by the movant is a mathematical probability' and 'may grant a stay even though its own approach may be contrary to the movant's view of the merits." *Thiry v. Carlson*, 891 F.Supp. 563, 566 (D.Kan.1995). *See also Dayton Christian Schools v. Ohio Civil Rights Comm.*, 604 F.Supp. 101, 103 (S.D.Ohio 1984) (holding that it is not necessary for the movant to demonstrate that it is more probable than not that they will succeed on appeal; if the other three factors strongly favor interim relief, a court may exercise its discretion and grant a stay if the movant has made a substantial case on the merits).

In regard to the second factor, this court finds that it points in favor of granting the injunction. In this court's opinion, plaintiff would be irreparably harmed if the subject property, unique commercial real estate, is sold during appeal since money damages could not provide an adequate remedy in the event, albeit unlikely, that plaintiff succeeds on appeal. Indeed, disposal of the subject property during appeal would moot the entire appellate process.

The harm suffered by defendants if the injunction is issued, the third element, is certainly not outweighed by the harm suffered by the plaintiff. The government contends that both it and the taxpayer's estate will be greatly harmed if the injunction is granted since the value if the property could change pending appeal. Yet, this argument cuts both ways. While the government and the taxpayer's estate could be harmed if the injunction is granted and the property depreciates in value pending appeal, it is also true that the government and the taxpayer's estate could be greatly benefited if the injunction is granted and the property appreciates pending appeal.

The final element to consider is harm to the public interest if the injunction is granted. The government argues that there will be significant harm to the public interest if the injunction is not vacated because the plaintiff will continue to engage in this "vexatious" litigation by continuing this matter further on appeal. This court does not find there to be any such harm to the public interest. To be sure, there has been no ruling by this court that the case at hand is frivolous, or that plaintiff is abusing the legal process in pursuing this matter.

In sum, this court finds that the injunction pending appeal should be granted. Plaintiff has demonstrated to this court that it will be irreparably injured if the property is sold pending appeal. If the property is so sold, plaintiff would be limited to a remedy of money damages. Yet, money damages would not provide plaintiff a full and fair remedy. Plaintiff does not seek money damages in this case, but rather seeks to retain a parcel of commercial real estate, which is highly distinctive in nature.

In finding that the equities tip in favor of granting an injunction, this court also notes that the government will not be harmed by maintenance of the status quo. This injunction pending appeal merely delays a government sale of the property. Just as the government found a willing and able purchaser

---

9. In support of its position that plaintiff is not likely to succeed on appeal, the government contends that plaintiff has not filed a reply brief to the government's appeal brief. Such reply briefs are optional, and do not have any bearing on the issue of whether plaintiff is likely to prevail on appeal.

for the property over one year ago, on August 14, 1996, the government will presumably be able to do so again, after the appeal is decided. Indeed, the government has not provided any reason as to why it would not be able to sell the property in the future. In fact, the property may appreciate such that the government obtains a larger offer for the subject property than it received in the past.

This court will dispense with bond. The property is undeveloped, and therefore the government does not face a significant risk of suffering harm. Indeed, this court takes judicial notice of the fact that real estate values are rising.

### ORDER

**IT IS HEREBY ORDERED** that the UNITED STATES OF AMERICA's motion to vacate the order granting injunction pending appeal is **DENIED.**

**IT IS FURTHER ORDERED** that the UNITED STATES OF AMERICA's motion to modify the order granting injunction pending appeal so as to require A&B STEEL SHEARING AND PROCESSING, INC. to post a supersedeas bond is **DENIED.**

**SO ORDERED.**