125 F.3d 860
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Antonio PONS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Antonio PONS, Defendant-Appellant.
 Nos. 96-10108, 96-10505.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1997.*
Decided Sept. 24, 1997.
 
 Appeal from the United States District Court for the Northern District of California, No. CR-88-00749-SC; Samuel Conti, District Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Following remand from this court, federal prisoner Jose Antonio Pons appeals the district court's denial of his Federal Rule of Criminal Procedure 41(e) motion for return of property.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
 
 
 3
 Pons contends that the district court erred by denying his Rule 41(e) motion for the return of approximately $9,000 seized by the police when he and a co-defendant were arrested for drug-related activities. This contention is meritless.
 
 
 4
 We review de novo the district court's interpretation of Rule 41(e). See United States v. Mills, 991 F.2d 609, 612 (9th Cir.1993). "It is well-settled that the federal government may defeat a Rule 41(e) motion by demonstrating that the property is subject to federal forfeiture." United States v. Fitzen, 80 F.3d 387, 389 (9th Cir.1996); see also Mills, 991 F.2d at 612 (stating that Rule 41(e) motion is properly denied if movant is not entitled to lawfully possess property, or if property is contraband or subject to forfeiture).
 
 
 5
 On remand, in response to Pons's motion, the government demonstrated that the seized money was subject to federal forfeiture, as it represented proceeds from drug transactions. See Fitzen, 80 F.3d at 389. Additionally, Pons presented no evidence that he was entitled to lawful possession of the $9,000 allegedly skimmed by the police or that the money was not contraband. See Mills, 991 F.2d at 612. Pons declared only that he and his co-defendant counted $270,000 before placing it in the car driven by the co-defendant, and that the bag in Pons's car contained "approximately $2,000." Accordingly, the district court correctly denied Pons's Rule 41(e) motion. See id.[2]
 
 
 6
 Pons also contends that the district court erred by denying his Federal Rule of Civil Procedure 60(b) motion to set aside the denial of his Rule 41(e) motion. This contention is meritless.
 
 
 7
 "We review for an abuse of discretion the district court's denial of a Rule 60(b) motion." Briones v. Riviera Hotel & Casino, 116 F.3d 379, 380 (9th Cir.1997) (per curiam). As relevant here, "the court may relieve a party from a final judgment, order, or proceeding," for fraud, misrepresentation or misconduct of an adverse party. See Fed.R.Civ.P. 60(b)(3). To prevail under this provision, "the moving party must establish that ... the conduct complained of prevented the moving party from fully and fairly presenting the case." See In re M/V Peacock on Complaint of Edwards, 809 F.2d 1403, 1404-05 (9th Cir.1987).
 
 
 8
 Pons has not shown how the government's alleged misconduct prevented him from fully and fairly presenting his case. See id. Nor has he shown that he was entitled to the money. Accordingly, we conclude that the district court did not abuse its discretion by denying his Rule 60(b) motion. See Briones, 116 F.3d at 380.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Pons also contends that the district court erred by denying his Federal Rule of Civil Procedure 11 motion for sanctions. He failed to brief the issue, however, and we therefore deem it abandoned. See Fed. R.App. P. 28(a)(6); Acosta-Huerta v. Estelle, 7 F.3d 139, 144 (9th Cir.1992)
 
 
 [2]
 Pons contends that the district court abused its discretion by denying his motion for an extension of time in which to file an optional reply to the government's response to his Rule 41(e) motion. Even assuming that Pons was entitled to file the reply and that he made the requisite showing of cause, see Fed.R.Civ.P. 6(b), we have reviewed Pons's reply and conclude that he was not prejudiced by the denial of an extension of time