Anthony Steven HOPSON, Sr.,
Plaintiff–Appellant,

v.

PROTEIN TECHNOLOGIES
INTERNATIONAL, Defendant–
Appellee,

Ralph Tognetti; Ken Carnahan,
Defendants.

No. 00–5578.

United States Court of Appeals,
Sixth Circuit.

Sept. 17, 2001.

Before SILER and CLAY, Circuit
Judges; GRAHAM, District Judge.*

Anthony Steven Hopson, Sr., a Tennessee resident proceeding pro se, appeals a district court order that denied his motion to extend time to file a notice of appeal. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Hopson filed a Title VII civil rights action alleging that the defendant, Protein Technologies International, terminated his employment as a warehouse worker in retaliation for Hopson's filing a complaint of racial discrimination with the Equal Employment Opportunity Commission. Summary judgment was granted to the defendant by judgment entered January 24, 2000. On February 23, 2000, Hopson filed

* The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

a motion seeking a 30 day extension for filing his notice of appeal on the basis that he was preparing a Fed.R.Civ.P. 60(b) motion for relief and that the district court should have the opportunity to consider and reverse its decision prior to the appellate court assuming jurisdiction. Hopson attached to his memorandum in support of the motion signed copies of a notice of appeal which he asked to be filed in the event the district court denied his motion for an extension of time. The district court construed the motion as a motion brought under Fed.R.Civ.P. 59 and denied the motion as untimely by order entered February 25, 2000. A notice of appeal was filed on March 24, 2000 from the January 24, 2000 decision and the February 25, 2000 order denying the extension of time.

In an order filed March 23, 2001, this court dismissed the appeal as it applied to the January 24, 2000 judgment because the notice of appeal filed on March 24, 2000 was late as it applied to this judgment. Only issues regarding the February 25, 2000 order are properly before this court on appeal. Reconsideration was denied.

■ The district court construed Hopson's Rule 60(b) motion as a motion to alter or amend judgment under Fed. R.Civ.P. 59 and denied it as untimely. Under Fed. R.App. P. 4(a)(4), a motion to alter or amend judgment under Rule 59(e), Federal Rules of Civil Procedure, is one of the motions which will toll the time for appeal. A Rule 60(b) motion is not. Thus, the district court properly construed the Rule 60 motion as a Rule 59 motion because the motion essentially sought to toll the time for appeal. However, to toll the period, the Rule 59(e) motion must be timely, *i.e.*, served not later than ten days after entry of the judgment. In the instant case, judgment was entered on January 24, 2000, and Hopson's motion was served on February 23, 2000. Obviously, the motion was untimely and therefore could not toll the running of the time to appeal. *See Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 266, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978). Thus, the district court correctly denied the motion as untimely.

Even if the district court had considered the motion as a Rule 60(b) motion, denying the requested relief would still be proper. This court reviews the denial of a Rule 60(b) motion only for abuse of discretion. *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir.1993). Review of a denial of a Rule 60(b) motion does not raise the underlying judgment for review. *Windsor v. United States Dep't of Justice*, 740 F.2d 6, 7 (6th Cir.1984).

■ Hopson has made no showing of mistake, inadvertence, surprise, or excusable neglect. *See* Fed.R.Civ.P. 60(b)(1). Further, Hopson's conclusory allegations of perjury are insufficient to establish by clear and convincing evidence that the judgment was obtained by fraud or misconduct. *See* Fed.R.Civ.P. 60(b)(3); *In re M/V Peacock on Compl. of Edwards*, 809 F.2d 1403, 1404–05 (9th Cir.1987). Hopson had a full and fair opportunity to present his case, and the misconduct he alleges is not sufficient to warrant altering or amending the judgment. *See id.* Hopson has made no showing of a void judgment, and there are no extraordinary circumstances warranting relief under Rule 60(b)(6). *See* Fed.R.Civ.P. 60(b)(4), (6). Thus, even if the district court had construed the motion as a Rule 60(b) motion, denial of the requested relief would be proper. *See Lewis*, 987 F.2d at 396.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.