**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GILBERT SALINAS,

             Plaintiff - Appellee,

  v.

CBC RESTAURANT CORPORATION, INC.,

             Defendant - Appellant.

No. 16-55564

DC No. CV 14-1233 CJC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted November 6, 2017[**]
Pasadena, California

Before:    TASHIMA and BERZON, Circuit Judges, and PAYNE, Senior
District Judge.[***]

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

    [***]    The Honorable Robert E. Payne, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

Defendant-Appellant CBC Restaurant Corporation, Inc., ("CBC") appeals from the district court's denial of its Fed. R. Civ. P. 60(b) ("Rule 60(b)") motion for relief from the judgment. The underlying judgment was summary judgment in favor of Plaintiff-Appellee Gilbert Salinas ("Salinas"), who contended that CBC's check-out counter violated Americans with Disabilities Act ("ADA") Accessibility Guidelines ("ADAAG"). We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion, *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004), and we affirm.

1.      We reject CBC's argument that the district court made either mistakes of fact or of law, warranting relief from the judgment under Rule 60(b)(1). The relevant dimensions and construction of the check-out counter in CBC's restaurant were clearly presented in dozens of photographs in the record. The facts are clear, as was the district court's application of the applicable ADAAG provision to the relevant facts. Further, CBC has not cited any authority contrary to the district court's interpretation of the ADAAG guideline. The district court did not abuse its discretion in determining that no mistake of fact or law existed that entitled CBC to relief from the judgment under Rule 60(b)(1).

2.      We also reject CBC's contention under Rule 60(b)(3) that Salinas misrepresented material facts and misrepresented the requirements of ADAAG

§ 7.2(1), preventing CBC from "fully and fairly presenting [its] case." *Maudlin v. M/V Peacock (In re M/V Peacock)*, 809 F.2d 1403, 1405 (9th Cir. 1987).

CBC had full access to the counter in its own restaurant, and had a fair opportunity to present its case before the district court. Although the district court found Salinas' arguments more persuasive, it was not due to any misrepresentation of facts or law by Salinas. The district court did not abuse its discretion in denying CBC's motion for relief from the judgment under Rule 60(b)(3).

3.      Finally, we reject CBC's contention that it is entitled to judgment under the catchall provision of Rule 60(b)(6). CBC argues that judgment in favor of Salinas would result in injustice because other businesses that have similar checkout counter configurations could be subject to ADA claims. But the relevant inquiry is whether the district court's interpretation of ADAAG § 7.2(1) was erroneous. CBC has failed to establish that "manifest injustice" would result to it from the judgment. *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (internal quotation marks omitted).

CBC also fails to show any "extraordinary circumstances" that prevented it "from taking timely action to prevent or correct" a judgment that it claims was erroneous. *Id.* CBC had a full and fair opportunity to oppose Salinas' motion for summary judgement. CBC also had the opportunity to file a direct appeal

3

challenging the underlying judgment, which it did not do. CBC's failure to do so does not amount to an extraordinary circumstance justifying relief that is intended to be used only sparingly. The district court did not abuse its discretion in denying CBC relief from the judgment under Rule 60(b)(6).

•　●　•

None of CBC's arguments meets the high standard required for relief from judgment under Rule 60(b). The district court did not abuse its discretion in denying relief.

**AFFIRMED.**